Robert S. CALVERT, Comptroller of Public Accounts et al., Appellants,

v.

HUMBLE OIL AND REFINING COMPANY, Appellee.

No. 11226.

Court of Civil Appeals of Texas.

Austin.

July 8, 1964.

---

Waggoner Carr, Atty. Gen., H. Grady Chandler, Marietta McGregor Payne, R. Gordon Appleman, Asst. Attys. Gen., Austin, for appellants.

Powell, Rauhut, McGinnis & Lochridge, Austin, Walter B. Morgan, Houston, Dillard Baker, E. W. Martin, Houston, for appellee.

PHILLIPS, Justice.

The plaintiff below, Humble Oil and Refining Co., a Delaware Corporation, was organized in September of 1959, with only qualifying assets and with its qualifying capital stock held by Humble Oil and Refining Corporation, a Texas Corporation. On December 1, 1959, Humble of Texas conveyed all of its business, properties, franchises and assets to Humble of Delaware in exchange for all of the remaining authorized but unissued capital stock of Humble of Delaware. The new corporation, Humble of Delaware, assumed all of the liabilities of Humble of Texas with the exception of an obligation not material here.

Having transferred all of its assets and business, subject to its liabilities, to Humble of Delaware, the transferor, Humble of Texas, was merged with Standard Oil Company on December 1, 1959, the latter becoming the Corporate survivor. Upon the merger of Standard Oil Company and Humble of Texas, Standard Oil Company received the capital stock of Humble of Delaware from Humble of Texas and the separate existence of Humble of Texas terminated.

Humble of Texas had paid the additional tax levied by the State under Article 12.20 (hereinafter described) in September of 1959, prior to the termination of its existence.

Hereinafter the word Humble refers to Humble of Delaware unless otherwise designated.

In accordance with Article 1.05, Title 122A, Taxation-General, Revised Civil Statutes, V.A.T.S., Humble filed a suit in

the District Court of Travis County against the Comptroller of Public Accounts of the State of Texas, the Attorney General and the State Treasurer in their official capacities, to recover money paid under protest for "additional" franchise taxes as provided in Article 12.20, Title 122A, Taxation-General, Revised Civil Statutes. This article provided for a temporary, non-recurrent tax and Humble contends that it is not subject to the tax. Defendants below will hereinafter be referred to as the State.

The case was tried before the court without a jury on Humble's Motion for Summary Judgment, to which the State filed an answer on the ground that Humble owes the tax assessed as a matter of law. Judgment was rendered for Humble granting recovery of $170,559.56 of taxes paid under protest upon a finding that the tax was not applicable to Humble.

We affirm the judgment of the Trial Court.

There are no disputed facts in the case.

The Comptroller assessed the abovementioned tax under the provisions of Article 12.20, Title 122A, Taxation-General, Revised Civil Statutes which is as follows:

"Article 12.20

"(1) In addition to all other taxes, there is hereby levied on all corporations paying a franchise tax under the provisions of Article 7084 of the Revised Civil Statutes of Texas, 1925, as heretofore amended, for the preceding fiscal year as shown in the report required to be filed with the Secretary of State between January 1 and March 15, 1959, (or the initial or first year report required to be filed with the Secretary of State) under the provisions of Article 7089 of the Revised Civil Statutes of Texas, 1925, as then constituted, an additional franchise tax for the privilege of doing business in Texas in corporate form for the period beginning on the effective date of this Act, and ending April 30, 1960.

"(2) The additional franchise tax levied by this Article shall be computed by multiplying the franchise tax due and payable under the provisions of Article 7084 of the Revised Civil Statutes of Texas, 1925, as heretofore amended by 33.33 per cent.

"(3) The additional franchise tax levied by this Article shall be paid to the Secretary of State within thirty (30) days after the effective date of this Act. If any corporation fails to pay the additional tax levied by this Article within thirty (30) days after the effective date of this Act, the right of such corporation to do business in this State shall be forfeited on December 1, 1959, which forfeiture shall be consummated without judicial ascertainment by the Secretary of State entering upon the margin of the record kept in his office relating to such corporation the words, 'right to do business forfeited,' and the date of such forfeiture, and provided further that such defaulting corporation shall be subject to the same penalties, liens and conditions as provided in this Chapter.

"(4) The Secretary of State shall have the right to make and promulgate rules and regulations and to prescribe and mail forms and notices necessary for the efficient and effective administration of the additional franchise tax levied by this Article.

"(5) The additional franchise tax levied by this Article shall expire on April 30, 1960."

The amount of the tax is 33.33% of the basic tax, the effect of which is to enact a tax of $.75 per thousand dollars of taxable capital. See Article 12.20(2). Should the tax be applicable to Humble, the correctness of the amount is not questioned.

As stated above, Humble was organized and chartered in Delaware in September, 1959, and began to do business in Texas

December 1, 1959. The corporation filed its first franchise tax report in February 1961.

On September 1, 1959, Title 122A became effective. In this revision the Revenue Acts were given new Chapter and Article numbers. The Franchise Tax, previously Chapter 3 in Title 122, became Chapter 12 in Title 122A.

Humble contends that it is subject to a lower tax rate than that paid by corporations who had filed a report and paid the franchise tax under the law before it was revised; that it could not be taxable under Article 12.20 because that article is limited to corporations paying a franchise tax under the provisions of Article 7084 and filing a report under the provisions of Article 7089; that before Humble received its permit to do business in Texas, Articles 7084 and 7089 had been succeeded by newly numbered articles in Title 122A; that Humble never paid under the earlier provisions and, therefore, is not within the scope of Article 12.20.

The State contends that the words in Sec. 1 of the Act "paying * * * under the provisions of Article 7084" contemplates present and future payments; that the act in question applies to Humble because of the following language: the "additional" tax is "levied on all corporations paying a franchise tax under the provisions of Article 7084 of the Revised Civil Statutes of Texas, 1925, as heretofore amended, for the preceding fiscal year as shown in the report required to be filed with the Secretary of State between January 1 and March 15, 1959, (or the initial or first year report required to be filed with the Secretary of State) * * *"; that "for the preceding fiscal year" applies specifically to first year corporations such as Humble because first year corporations pay at the end of their first year in Texas for that "preceding" year. See Article 12.06(1); that the reference to "the initial or first year report" evidences the legislature's intent to have

Article 12.20 apply to Humble; that Sec. 5 in stating that the additional franchise tax levied shall expire on April 30, 1960, applies to appellee inasmuch as appellee was doing business in Texas from December 1, 1959 through April 30, 1960.

■ " * * * [W]here the question involved is whether the person on whom the tax is sought to be imposed comes within the statutory provision imposing the tax, the statute must be construed strictly against the taxing authority and liberally in favor of the person sought to be held. * * * " Texas Unemployment Compensation Commission v. Bass, 137 Tex. 1, 151 S.W.2d 567, Steakley v. West Texas Gulf Pipe Line Co., 336 S.W.2d 925, Austin Civ. App., no writ history.

Applying this principle, it is our opinion that appellee is not within the scope of Art. 12.20, Taxation General, V.A.T.S.

In reaching this conclusion we attribute no particular significance to the fact that Arts. 7084 and 7089 R.C.S.1925, are referred to in Sec. (1) of Art. 12.20 for the reason that Ch. 1, of Taxation General, p. 373, Acts 56th Leg. 3rd Called Session, provides, "With respect to the provisions of this Act which tax transactions subject to taxation by the State prior to the effective date of this Act, this Act shall be considered to be the equivalent of a revision by amendment even though it is in the form of an enactment of new law and repeal of the old law. This Act shall be construed to make a substantive change in the prior law only where the language of this Act manifests a clear intent to make such a change."

■ Giving effect to this rule of construction provided by the Legislature, it is of no consequence that the old repealed statutes were referred to by number and no reference was made to the successor statutes by number. It is their substance which counts.

■ Does Humble of Delaware fairly fall within the provisions of Art. 12.20? It is our opinion that it does not.

Humble of Delaware while within the general classification of taxpayers subject to the imposition of a franchise tax was not subject to this special temporary tax because (1) It had filed no report for franchise tax purposes with the Secretary of State between January 1 and March 15, 1959, as Art. 12.20 designates those who are subject to the tax, because Humble of Delaware did not enter the State until December 1, 1959, and did not acquire a tax status in Texas prior to that time (2) Humble of Delaware had not filed an initial or first report with the Secretary of State, as Art. 12.20 further describes those corporations subject to the extra tax, because such report, for new Corporations, was not due to be filed under the law until within 90 days after the expiration of one year from the time its Charter was filed or permit to do business was granted. Art. 12.09, Taxation General, and its predecessor Art. 7089, R.C.S.1925. As to Humble of Delaware this date was 90 days after December 1, 1960, about eleven months after the end of the tax period covered by Art. 12.20. (3) It was impossible for appellee to comply with the requirement of Sec. 3 of Art. 12.20 that it pay the tax levied by the Act within 30 days after the effective date of the Act. The Act was effective September 1, 1959. Appellee did not enter or receive a permit to do business in the State until December 1, 1959. (4) On the very day that appellee received its permit to do business in Texas, December 1, 1959, such permit was subject to forfeiture for having failed to pay this tax within 30 days from September 1, 1959, under the express provisions of Sec. 3, Art. 12.20, if such Act is applicable to appellee. Thus the Act would be applicable even though appellee had done no business in Texas, had filed no report, and was required to file no report, upon which such tax could be calculated and even though no tax was demanded of

it until February 24, 1961, more than one year after the penalty of forfeiture prescribed by the statute had matured. This date of maturity, December 1, 1959, was the only date prescribed in the statute on which the Secretary of State was authorized to declare a forfeiture. (5) The Legislature has demonstrated by the enactment of Art. 12.21, Taxation General, providing for the assessment of additional franchise taxes for the years ending April 30, 1961, and April 30, 1962, that had it intended Art. 12.20 to apply to a corporation circumstanced as appellee it would have there provided, as it did in Art. 12.21, that the additional tax there levied should "be paid at the same time, in the same manner, and subject to the same terms, penalties and conditions as the franchise tax that will become due and payable in the same periods under the provisions of this Chapter."

Believing that a genuine doubt exists as to appellee's subjection to this tax, we resolve such doubt in favor of appellee and against the taxing authority under the rule above stated. In reaching this conclusion, we are also moved by the equities of the situation.

■ Humble of Texas in September 1959 paid the additional tax levied by Art. 12.20 in the sum of $463,519.64 for the full eight month period covered by the Act, September 1, 1959 to April 30, 1960. Humble of Texas ceased doing business in Texas on December 1, 1959, leaving an unused franchise for five of the eight months of the period covered by the Act. If Humble of Delaware is required to pay an additional franchise tax for this same five month period for which Humble has already paid, there will be a pyramiding of taxes on the same capital. This result should not be reached absent plain and specific statutory enactments.

We affirm the judgment of the Trial Court.

Affirmed.