Robert S. CALVERT, Comptroller of Public Accounts et al., Appellants,

v.

TEXACO INC., et al., Appellees.

No. 11887.

Court of Civil Appeals of Texas, Austin.

Feb. 2, 1972.

Rehearing Denied March 8, 1972.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace, Wardlow Lane, Asst. Attys. Gen., Austin, for appellants.

Donald M. Bishop, Houston, for appellees.

PHILLIPS, Chief Justice.

Appellees brought this suit to recover certain franchise taxes paid under protest. All facts were stipulated. Trial was before the Court and resulted in judgment for Appellees in the full amount sought, $130,212.57 plus interest.

The tax involved is the additional tax imposed by Art. 12.20, Title 122A, Taxation-General, Vernon's Civil Statutes. Art. 12.20 provides in part as follows:

"(1) In addition to all other taxes, there is hereby levied on all corporations paying a franchise tax under the provisions of this Chapter for the preceding fiscal year as shown in the report required to be filed with the Comptroller of Public Accounts between January 1 and May 1, 1969 (or the initial or first year report required to be filed with the Comptroller of Public Accounts), under the provisions of this Chapter an additional franchise tax for the privilege of doing business in Texas in corporate form for the period beginning on the effective date of this Act, and ending April 30, 1970.

(2) The additional franchise tax levied by this Article shall be computed by multiplying the franchise tax due and payable under the provisions of Article 12.01, except Section (1) (a) (ii), and Article 12.19 by 18.18 per cent.

(3) The additional franchise tax levied by this Article shall be paid to the Comptroller of Public Accounts within thirty (30) days after the effective date of this Act. If any corporation fails to pay the additional tax levied by this Article within thirty (30) days after the effective date of this Act, the right of such corporation to do business in this State shall be forfeited on April 1, 1970, which forfeiture shall be consummated without judicial ascertainment by the Comptroller of Public Accounts in the same manner as provided for forfeiture in this Chapter, and provided further that such defaulting corporation shall be subject to the same penalties, liens and conditions as provided in this Chapter."

Tex. Tax.-Gen.Ann. arts. 12.01 and 12.19, Title 122A, which determine the tax base upon which the 18.18 per cent additional tax in article 12.20 is applied, provides in part as follows:

"(1) Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas or doing business in Texas, shall file such reports as are required by Article 12.08 and 12.19 and pay to the Comptroller a franchise tax for the period from May 1 of each year to and including April 30 of the following year which shall be based on whichever of the following Subsections (a), (b), or (c) shall yield the greatest tax:

(a) Basic Tax

(i) Two Dollars and Seventy-five Cents ($2.75) per One Thousand Dollars ($1,000) or fractional part thereof applied to that portion of the sum of the stated capital, surplus and undivided profits, the sum of which for the purposes of this Chapter is hereafter referred to as 'taxable capital,' allocable to Texas in accordance with Article 12.02 of this Chapter.

(ii) . . .

(b) Two Dollars and Seventy-five Cents ($2.75) per One Thousand Dollars ($1,000) or fractional part thereof applied to the assessed value for County ad

valorem tax purposes of the property owned by the corporation in this State.

(c) Thirty-five Dollars ($35) . . ."

Article 12.19:

"(1) In lieu of the franchise tax levied by Article 12.01 of this Chapter, any corporation which has previously paid a franchise tax in Texas under the provisions of this Chapter and whose total assets are less than One Hundred Fifty Thousand Dollars ($150,000), may elect to pay a franchise tax for the period from May 1st of each year to and including April 30th of the following year in accordance with the following schedule: . . ."

Appellees contend that by computing the tax on a full year period, the Comptroller has given no effect to the legislative expression that the intent of the Act is to levy a tax for a seven month period only, that is " . . . for the period beginning on the effective date of this Act, and ending April 30, 1970." (Sec. 1, Article 12.20, supra); that in Section 2 of Article 12.20, the Comptroller has failed to give any administrative effect to the phrase: "The additional franchise tax levied by this Article shall be computed by multiplying the franchise tax due and payable under the provisions of Art. 12.01;" that the Comptroller has not determined the amount of tax due and payable under Article 12.01 as of October 1, 1969, but instead has computed the tax on what was paid by the Corporation the preceding May 1, 1969; that Appellees computed the basic tax as of October 1, 1969 under Article 12.01, inasmuch as Art.

12.01 levies a franchise tax for the period of May 1st of each year to and including April 30th of the following year; that because the Article 12.01 tax period was to begin on May 1st and the Article 12.20 additional tax period was to begin on October 1st. Appellees then took 7/12th's of the tax period of May 1st through April 30th and multiplied that amount by the 18.18 per cent additional franchise tax rate.

We hold that this interpretation of the Act is incorrect and that the Comptroller has been computing and assessing the tax in the manner prescribed by the pertinent statutes.[1]

The tax base is "the franchise tax due and payable under the provisions of Article 12.01, except Section (1) (a) (ii), and Article 12.19 by 18.18 per cent." Article 12.19 provides for an election to compute the tax by a tax rate table, but Appellees' 1969 franchise tax was paid under the provisions of Article 12.01 and not under the provisions of Article 12.19.

■ We hold that the statutory formula in subsection (2) of Article 12.20 provides that the additional franchise tax be measured by 18.18 per cent of the regular franchise tax paid by Appellees as shown on their franchise tax report due on the preceding May 1, 1969, and does not allow any proration of the amount.

The wording of the present statute, Article 12.20 defines the tax base for the additional tax:

"The additional franchise tax . . . shall be computed by multiplying the franchise tax due and payable under the

---

1. Appellants' points of error are as follows: "FIRST POINT OF ERROR: The trial court erred in rendering judgment that the tax arrived at by the statutory formula provided in subsection (2) of Article 12.20, Title 122A, Taxation-General, must be prorated on a monthly basis, and that therefore, the tax due is 7/12 of the result arrived at by multiplying the regular franchise tax by 18.18 per cent; and SECOND POINT OF ER-

ROR: The trial court erred in failing to render judgment for Appellants on the ground that the statutory formula in subsection (2) of Article 12.20, Title 122A, Taxation-General, provides that the additional franchise tax be measured by 18.18 per cent of the regular franchise tax of Appellees as shown on their franchise tax report due on the preceding May 1, 1969, and does not allow any proration of said amount."

provisions of Article 12.01 . . . by 18.18 per cent."

We look then to the meaning of "franchise tax due and payable under the provision of Article 12.01." The first paragraph of Article 12.20 designates the corporations subject to the tax as those "paying a franchise tax . . . as shown in the report required to be filed . . . between January 1 and May 1, 1969 . . . ." Appellees were required to and did file such a report and paid the tax shown therein.

The additional tax for the period beginning with the effective date of Article 12.20, as amended, and ending April 30, 1970, was 18.18 per cent of the tax due and payable under Article 12.01. The "tax . . . shown in the report required to be filed" referred to in paragraph (1) of Article 12.20, and "the tax due and payable under the provisions of Article 12.01 referred to in paragraph (2) of the Article are the same.

The tax involved here is not new. Article 12.20 prior to its amendment in October, 1969, levied an additional tax for a portion of 1959 and 1960. The period covered was from the effective date of the Act until April 30, 1960. The Act became effective on September 1, 1959; therefore, the period covered was from September 1, 1959 to April 30, 1960, a period of eight months. A close reading of the Act prior to its amendment in October of 1969, discloses that the previous operative language was the same as the operative language of the Act before us.

In Calvert v. Humble Oil and Refining Company, 381 S.W.2d 229 (Tex.Civ.App. 1964, error ref. n. r. e.) this Court said:

"The amount of the tax is 33.33% of the *basic tax,* the effect of which is to enact a tax of $.75 per thousand dollars

of taxable capital. See Article 12.20(2)" (Emphasis supplied).

Article 12.20 prior to the 1969 amendment is the same as those used in the amended statute except for small changes not material here.

In light of our prior construction, the administrative construction placed thereon by the Comptroller and the fact that the Legislature did not change the method of measurement in the 1969 amendment[2] but re-enacted Article 12.20 fixing the rate at 18.18 per cent instead of 33.33 per cent of the "franchise tax due and payable under the provisions of Article 12.01 . . .", we hold that the Comptroller has correctly computed the tax. The statute, as amended, states that the additional tax is computed by a percentage of the basic tax. The effect of the amendment is to enact a tax of $.50 per thousand dollars of taxable capital just as Article 12.20, prior to amendment, was held by this Court to "enact a tax of $.75 per thousand dollars of taxable capital." Calvert v. Humble, supra.

■ We overrule Appellees' contention that the Comptroller's method of computing the additional tax is a retroactive tax thus unconstitutional under Section 16, Article 1 of the Texas Constitution, Vernon's Ann.St. Houston Oil Company of Texas v. Lawson, 175 S.W.2d 716 (Tex.Civ.App. 1943, error ref.).

Likewise, we overrule Appellees' cross-point that the trial court erred in failing to render judgment for Appellees upon the pleadings inasmuch as Appellants failed to make any claim whatsoever or ask for recovery of the funds held in the protest suspense account and are not entitled as a matter of law to recovery of the funds.

2. The courts of this State have held that the Legislature is deemed aware of prior administrative and court construction of its legislation and where the same language previously construed is re-enacted

or used in an amendment, it is presumed that the Legislature intended that the same construction should be given to the same language. Calvert v. Kadane, 427 S.W.2d 605 (Tex.1968).

In answer to Appellees' suit to recover the taxes paid under protest, the State filed only a general denial. We hold that the State's pleading was sufficient to place in issue Appellees' right to recover the taxes. It was Appellees' burden to go forward and show a right to the taxes paid under protest. Calvert v. Union Producing Co., 258 S.W.2d 176 (Tex.Civ.App.1953, no writ).

The judgment of the trial court is reversed and judgment is here rendered that Appellees take nothing by their suit.

Reversed and rendered.