The TEXAS PIPE LINE COMPANY et al., Appellants,

v.

Robert S. CALVERT, Comptroller of Public Accounts, et al., Appellees.

No. 12130.

Court of Civil Appeals of Texas, Austin.

May 1, 1974.

Rehearing Denied June 5, 1974.

Donald M. Bishop, Texaco, Inc., Houston, for appellants.

John L. Hill, Atty. Gen., Lewis A. Jones, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

This case involves a suit by the Texas Pipe Line Company and five other corporations,[1] similarly situated, to recover taxes paid under protest in July, 1971, as additional corporation franchise taxes. These taxes were paid at the demand of the Comptroller of Public Accounts of the State of Texas, who contended they were due and payable as additional taxes for the period July 1, 1971, through April 30, 1972, as levied by House Bill 730, 62nd Legislature.

The trial court, sitting without a jury, rendered judgment in favor of the Comptroller and other appellees,[2] upholding the tax paid under protest. We reverse this judgment and hereby render judgment for appellants for recovery of the funds held in suspense.

I.

Appellants are before us on a single point of error, which we sustain; they complain that the trial court erred in determining that the additional franchise tax levied by Article 12.20, Title 122A, Taxation-General, Revised Civil Statutes of Texas, (as amended in 1971 by H.B. 730) applied to appellants in view of the fact that appellants were not of the class of corporations subject to taxation within the literal terms of the taxing statute. Appellants maintain that they were not within the group of corporations required to file a report with the Comptroller between January 1, 1971, and May 1, 1971, (the only group of corporations to which the tax applied).

The statute involved is H.B. 730, 62nd Legislature, and the relevant portions thereof read as follows:

"Article 12.20 Additional Franchise Tax for the Period Ending April 30, 1972

(1) In addition to all other taxes, there is hereby levied on all corporations paying a franchise tax under the provisions of this Chapter *for the preceding fiscal year* as shown in the report required to be filed with the Comptroller of Public Accounts *between January 1 and May 1, 1971* (or the initial or first year report required to be filed with the Comptroller of Public Accounts), under the provisions of this Chapter an additional franchise tax for the privilege of doing business in Texas in corporate form for the period beginning on

1. Appellants, in addition to Texas Pipe Line Company, are Sabine Pipe Line Company, Seaboard Pipe Line Company, Texas-New Mexico Pipe Line Company, Inc., and Jefferson Chemical Company.

2. Appellees, in addition to the Comptroller, are Jesse James, Treasurer of the State of Texas, and John L. Hill, Attorney General of the State of Texas.

the effective date of this Act, and ending April 30, 1972. (Emphasis added)

(2) The additional franchise tax levied by this Article shall be computed by multiplying the franchise tax due and payable under the provisions of Article 12.01, except Section (1)(a)(ii), and Article 12.19 by 45.45 percent."

Article 12.20 is clear and unambiguous and leaves no room for construction. Its plain terms apply only to those corporations required to file a franchise tax report between January 1 and May 1, 1971, and does not apply to those corporations which were not required to file the report until June 15, 1971. In addition, appellants were not required to pay a franchise tax "for the preceding fiscal year" but were required to pay a franchise tax under Article 12.01 as described above.

The gist of the State's argument is that the appellants are "regular corporations," intended to be covered under the Act, and the fact that they do not fall under the Act by the precise wording of the Act presents a situation in which "it is inconceivable that this article mirrors the intent of the legislature." Then we are asked to "reject appellants' argument that the Comptroller of Public Accounts must be tied to the sclerosis of mathematical, precise dates of Article 12.20, *supra*, that are nothing more than description and surplusage."

Our first question is whether this Court can depart from the literal meaning of the statute. A collateral question is whether, on determination by this Court that the plain wording of the statute was in error, we have the power to change it.

 In Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961), the court quoted the age-old maxim: "If Parliament does not mean what it says, it must say so." Under Section 1 of Article 10, Vernon's Civil Stat-

utes, the Legislature set forth rules of construction to be applied to all civil statutes. The first of these rules is that, "The ordinary signification should be applied to words . . ." This is sometimes referred to as the "plain meaning" rule. Where the plain meaning is evident, a court has no alternative but to enforce the act as written. Thus, we hold that the appellants are not included within the terms of the statute.

 With respect to the possibility that the legislature made a mistake and inadvertently used the term "May 1" instead of the presumed intended date of "June 15," we hold that there is no evidence to support this presumption. In addition, were this Court to reach such a conclusion by pure speculation, we would be without authority to change the specific terms of the statute. If the language of the statute is plain, a court will not eliminate or supply a word or a clause on the supposition that it was intended or omitted by inadvertence, 53 Tex.Jur.2d 203, "Statutes," Sec. 140.

## II.

The State next contends that this Court must look to the whole of Chapter 12, Taxation-General, to ascertain the "overall scheme of franchise taxation and not be fettered to one section." We have done so. And whether reviewing Art. 12.20 as a whole[3] or in relationship with the other statutes[4] in Chapter 12, Title 122A, Taxation-General, we find nothing that would cause us to conclude that appellants are liable for an additional franchise tax under the provisions of Article 12.20. Their factual situation simply fails to place them within the ambit of the Act.

Neither are we aided by a review of similar acts enacted in the immediate past as a possible aid to ascertaining the legislative intent. In 1950 an additional tax of 10% of all franchise taxes due and payable

---

3. See 53 Tex.Jur.2d, Sec. 160, p. 229, "Statutes" and related cases for the statement of the rule that a statute be construed as a whole.

4. See 53 Tex.Jur.2d, Sec. 186, p. 280, "Statutes" and related cases for the rule on statutes considered *in pari materia*.

under Article 7084, Vernon's Ann.C.S., from May 1, 1950, to April 30, 1951. In 1954 the fiscal year was May 1, 1954, to May 1, 1955, and any corporation owing taxes under this article was required to pay on or before September 1, 1954, in addition to the amount already paid on May 1, 1954. From 1959–1969 the wording of the 1959 surtax levies the tax on corporations required to file reports between January 1, and March 15, 1959. In 1969 this date was changed to May 1, 1969. The present tax in question applies to corporations filing reports between January 1 and May 1, 1971. We cannot agree with the State's contention that: "it is quite evident that the legislature was attempting to repeat history by imposing this additional franchise tax on all 'regular' corporations. It was simply an oversight that the legislature stated that the tax applied to those corporations that were required to report between January 1 and May 1, 1971." With each new surtax the date was changed and the legislature deliberately determined whether it was to apply to all corporations or only certain corporations. To conclude that in 1971 the legislature meant June 15 when the term May 1 was used is to indulge in a speculation which the legislative history does not support.

■ If, for purposes of argument, we placed the best possible face upon the State's case, we can come up with no more than a possibility that appellants owe additional franchise taxes under the Act. Thus we would be faced with the rule we announced in Calvert v. Humble Oil and Refining Company, 381 S.W.2d 229 (Tex. Civ.App.1964, writ ref. n. r. e.) that where a genuine doubt existed as to whether the appellee was subject to the tax in question, the statute must be strictly construed against the taxing authority and be given a liberal interpretation in favor of the taxpayer.

The judgment of the trial court is reversed and judgment here rendered that appellants recover the funds held in suspense and all costs incurred herein.