STATE of Texas ex rel. Carol VANCE, District Attorney of Harris County, Texas, Petitioner,

v.

William M. HATTEN, Judge of 176th District Court of Harris County, Texas, Respondent.

No. 62392.

Court of Criminal Appeals of Texas, En Banc.

May 28, 1980.

Rehearing Denied July 16, 1980.

 

Carol S. Vance, Dist. Atty., Larry P. Urquhart and Ira L. Jones, II, Asst. Dist. Attys., Houston, for petitioner.

Marvin O. Teague and Ken J. McLean, Houston, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

The State seeks a writ of mandamus to compel District Court Judge Hatten to withdraw his order granting the release from the Texas Department of Corrections of one Richard Earl Norris, pursuant to the provisions of Article 42.12, Sec. 3e(a), Vernon's Ann.C.C.P. The record reflects that on April 5, 1978, defendant Norris was found guilty by a jury of the offense of involuntary manslaughter. On March 23, 1979, the trial court assessed punishment at ten years confinement. Defendant Norris was sentenced on this date. On July 18, 1979, the trial court granted Norris' motion for "shock probation," ordered Norris released from prison, and probated the remaining years of his sentence. The State now petitions for a writ of mandamus to compel the trial court to rescind the order, which it contends is void, since such order was expressly prohibited by the language of the statute.

Article 42.12, Sec. 3e(a), supra, provides: "For the purposes of this section, the jurisdiction of the courts in this state in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction of a felony shall continue for 120 days from the date the execution of the sentence actually begins. After the expiration of 60 days but prior to the expiration of 120 days from the date of the execution of the sentence actually begins, the judge of the court that imposed such sentence may, on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article, if such sentence is otherwise eligible for probation under this article and prior to the execution of such sentence, the defendant had never been incarcerated in a penitentiary serving a sentence for a felony and in the opinion of the judge the defendant would not benefit from further incarceration in a penitentiary. *Probation may be granted under this section only if the offense for which the defendant was sentenced was an offense other than criminal homicide, rape, or robbery.*" (Emphasis added)

Thus, under this section, the trial court has the authority to grant "shock probation" to a defendant who has been sentenced to prison and who is at that time incarcerated. See *Houlihan v. State*, 579 S.W.2d 213 (Tex.Cr.App.1979). The statute, however, *expressly* excludes defendants who are sentenced to prison for the offenses of criminal homicide, rape or robbery.

Since involuntary manslaughter, the offense for which defendant Norris was sentenced and sent to prison, is an offense of criminal homicide, Sec. 19.01(b), V.T.C.A. Penal Code, it appears that defendant Norris was not eligible for "shock probation"

under Article 42.12, Sec. 3e(a), supra. Since defendant Norris was not eligible for "shock probation" under this section, it appears that the trial court exceeded the scope of its authority in granting Norris this "shock probation." As we have previously stated in *State ex rel. Wilson v. Harris*, 555 S.W.2d 470 (Tex.Cr.App.1977), mandamus is the proper relief to set aside an improper order. See also, *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr. App.1978); *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex.Cr.App.1978).

The respondent and the amicus curiae urge that we reach a different result. Various arguments are made that the legislature did not intend the result reached by our construction of the statute. It is true that in considering the operation of the entire scheme under Article 42.12, supra, an argument may be made that this section of the statute would be more consistent with the other sections if it did not limit the trial court's authority to grant "shock probation" in cases where it could grant "initial" probation. However, this is not what the statute authorizes by its plain meaning.

Pursuant to Article 42.12, trial courts have the authority to probate sentences under ten years, Article 42.12, Sec. 3, even if a jury has refused to grant probation or if the defendant has a prior conviction. Article 42.12, Sec. 3c, supra. However, there are some limitations upon a trial court's authority to probate sentences. A trial court expressly may *not* grant probation to any defendant convicted of capital murder, aggravated kidnapping, aggravated rape, aggravated sexual abuse, aggravated robbery, or an offense in which the defendant used or exhibited a deadly weapon. Article 42.-12, Sec. 3f.

Respondent contends that if the limiting language of Article 42.12, Sec. 3e is interpreted to mean exactly what it says, the following anomalous situation is created: a trial court may grant "initial" probation to defendants convicted of murder, voluntary manslaughter, involuntary manslaughter and criminally negligent homicide, but may not grant them "shock probation"; a trial court may grant "initial" probation to defendants convicted of unaggravated rapes or robberies, but may not grant them "shock probation." Certainly, it may be argued that under the entire scheme of Article 42.12, supra, it is *desirable* that the trial court have the authority to grant "shock probation" in any case in which it had the authority to grant "initial" probation. However, this is not the language of the statute.

A statute susceptible of more than one construction will be interpreted so as to effect the intent of the legislature and to promote the purpose for which it was enacted. *Alobaidi v. State*, 433 S.W.2d 440 (Tex. Cr.App.1968); *Newsom v. State*, 372 S.W.2d 681 (Tex.Cr.App.1963). However, the statute must be construed as it is written by the legislature; it cannot be added to by courts; nor is it the duty of the courts to supply omissions in a law or to question the wisdom thereof. *Shoppers World, Inc. v. State*, 373 S.W.2d 374 (Tex.Civ.App.—San Antonio, 1963), affirmed, 380 S.W.2d 107 (Tex.1964). The courts, having no legislative powers, may not enlarge or alter the plain meaning of statutory language. Wording in statutes is to be given its literal interpretation when that wording is clearly unambiguous. *Conn, Sherrod and Co. v. Tri-Electric Supply Co., Inc.*, 535 S.W.2d 31 (Tex.Civ.App.—Tyler, 1976); *Matthews Construction Co. v. Jasper Housing Construction Co.*, 528 S.W.2d 323 (Tex.Civ.App. —Beaumont, 1975); *Calvert v. Electro-Science Investors, Inc.*, 509 S.W.2d 700 (Tex. Civ.App.—Austin, 1974). As a Court, we may not legislate, and must confine our interpretation to a reasonable construction of the language used in the statute as written. *Ex parte Salter*, 452 S.W.2d 711 (Tex. Civ.App.—Houston, 1970); *Fuentes v. Howard*, 423 S.W.2d 420 (Tex.Civ.App.—El Paso, 1967).

In the instant case, Section 3e does not conflict with, nor is it repugnant to any other section of Article 42.12. The limiting language used in Article 42.12, Sec. 3e, is plain, unambiguous, unequivocal, and leaves no room for interpretation. As was stated

in *A.M. Servicing Corp. of Dallas v. State,* 380 S.W.2d 747 (Tex.Civ.App.—Dallas, 1974), the courts may not, under the guise of construction, amend a statute by adding provisions thereto, no matter how desirable such additions might seem to be.

Arguments are made by respondent that the legislature did not intend for the statute to be given its literal meaning. However, we must agree with the maxim stated in *Brazos River Authority v. City of Graham,* 163 Tex. 167, 354 S.W.2d 99 (1961), that:

"If Parliament does not mean what it says, it must say so."

If this Court were to reach the conclusion by speculation that the legislature did not intend what it clearly and unambiguously stated, we would still be without authority to change the specific terms of the statute, where such language is plain and unequivocal. See *Texas Pipe Line Company v. Calvert,* 510 S.W.2d 168 (Tex.Civ.App.—Austin, 1974).

Nor do we find merit in the contention advanced that the statutory scheme denies equal protection of the law to criminal defendants. We cannot say that the limitation on the trial court's authority to grant "shock probation" creates suspect classifications, or that the legislature had no rational basis for enacting such limitations.[1]

Thus, we conclude that, according to the clear and unambiguous language of the statute, the respondent was without authority to grant "shock probation" pursuant to Article 42.12, Sec. 3e, to defendant Norris, convicted of criminal homicide. Accordingly, such order is void. We assume that respondent will immediately perform his duty to withdraw such void order. The writ of mandamus will issue only if he refuses to do so.

It is so ordered.

1. We note that among the various provisions of Article 42.12, a trial court is given the authority to order some period of confinement in a penal institution to a defendant who is assessed "initial" probation. See Article 42.12, Secs. 3f(b) and 6b(a) and (b).