James B. HUDSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. C14–88–00207–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 27, 1989.

Allen C. Isbell, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was indicted for the offense of aggravated sexual assault of a child. TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon 1989). After waiving his right to trial by jury, he entered a plea of guilty, and the court ordered a pre-sentence investigation report. Upon completion of the report, the court found appellant guilty and set punishment at imprisonment for forty years.

In his sole point of error, appellant asserts that his guilty plea was involuntary, and argues that the trial judge's admonitions mislead him into believing he was eligible to receive probation when in fact some forms of probation are prohibited in an aggravated sexual assault case.

Before a trial court accepts a plea of guilty or nolo contendere, it is required to admonish the accused of the range of punishment attached to the offense. TEX. CRIM.PROC.CODE ANN. art. 26.13(a) (Vernon Supp.1989). When examining these admonishments, it is important to note that substantial compliance with Article 26.13 by

the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishments. See Art. 26.13(c) V.A.C.C.P. In the instant case, appellant was admonished as follows:

COURT; You are going to get from five years in the penitentiary to 99 years or life and a possible fine up to $10,000. You have asked for probation. When you ask for probation, if you have never been convicted of a felony in this state, you are eligible for probation. Please, please understand this: There is no assurance that you will get that. Do you understand that?

APPELLANT; Yes, sir, I understand.

COURT; I know you are asking for it, but you may and you may not get it. Okay?

■ Trial courts in this state are authorized to place a defendant on one of these various forms of probation if the accused meets the requirements of the Adult Probation Law. TEX.CRIM.PROC.CODE ANN. art. 42.12. All types of probation within Article 42.12 are independent of each other in the sense that a defendant may be eligible under the statute for one form of probation but not another. *State ex. rel. Vance v. Hatten,* 600 S.W.2d 828 (Tex.Crim.App. 1980). A person adjudged guilty of an offense under Section 22.021 is ineligible for "ordinary" court ordered probation Art. 42.12, Sec. 3g, V.A.C.C.P.; *Dougherty v. State,* 740 S.W.2d 516 (Tex.App.—Houston [1st Dist.], 1987, no pet.). However here he was not excluded from the form of probation known as deferred adjudication contained under Section 3d of Article 42.12. *Ex parte Austin,* 746 S.W.2d 226, 232 (Tex. Crim.App.1988). Since this form of probation was available, the court did not misinform the appellant by discussing possible eligibility for probation. Although probation during deferment of adjudication of guilt is different in certain respects from ordinary probation, it is still a type of probation.

■ Appellant's point of error relies upon several cases which we find inappro-

priate to the case here. In *Harrison v. State,* 688 S.W.2d 497 (Tex.Crim.App.1985), the defendant plead guilty to aggravated robbery (an offense also listed in Art. 42.-12, § 3g as an offense for which a court may not order ordinary probation) and was admonished as to probation. As in the instant case, the accused was told that he "may or may not be accorded probation." Again in *Ramirez v. State,* 655 S.W.2d 319 (Tex.App.—Corpus Christi, 1983), an accused was advised of probation under similar facts. In both cases, the appellate courts found error and held that the trial court failed to admonish properly. However, in both *Harrison* and *Ramirez,* the trial court immediately entered a finding of guilt following the plea. In those cases, there was no possibility of granting deferred adjudication. It must be granted before a finding of guilt. Furthermore, there was no evidence in the record of either case to support the idea that the trial court ever considered deferred adjudication. Here the trial court did not enter a guilty finding until some four months later at the pre-sentence investigation hearing. The court then stated:

COURT; ... Come back on October 7, 1987 [the date the pre-sentence investigation report was due to be completed], at 8:30 with your attorney. If you have any witnesses who can help you on that date, bring them with you, cause I will need testimony in addition to whatever I get on the PSI so I can determine what I think would be the best punishment.

Therefore, it is apparent that the trial court had not determined the proper form of punishment and awaited further evidence. Deferred adjudication is a form of possible punishment. This is particularly true when the appellant had not committed any prior offenses.

The trial court's admonishments substantially comply with the requirements of Art. 26.13(c) V.A.C.C.P.

■ A plea will be involuntary only if the appellant shows affirmatively that the court's admonishments left him unaware of the consequences of his plea and that he was misled or harmed. *Ex parte*

*Williams,* 704 S.W.2d 773 (Tex.Crim.App. 1986). The appellant here has failed to show any harm from the trial court's statement regarding probation. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.