**The STATE of Texas, Appellant,**

v.

**Jefferson LIMA, Appellee.**

**No. C14–91–0459–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 23, 1992.

Kimberly Aperauch Stelter, Houston, for State.

George J. Parnham, Henry L. Burkholder, III, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGN, JJ.

OPINION

ROBERTSON, Justice.

A jury found appellee guilty on two counts of bribery and assessed punishment at two years for count one and five years for count two, such sentences to run concurrently. Thereafter, appellee filed a motion for shock probation, which was grant-

ed by the trial court on April 24, 1991. In its sole point of error, the state contends that the trial court erred in granting the appellee "shock probation" under TEX.CODE CRIM.PROC.ANN. art. 42.12, § 6(a) (Vernon Supp.1991). We reverse.

In 1985, the appellee (Lima) contracted with the City of Houston to repair damages that had been left over as a result of repairs to various water mains. During the course of the contract, Lima gave gifts to two inspectors who were working for the city, in exchange for certain favors. After Lima was found guilty for the felony offense of bribery, which was upheld on appeal, he started serving his sentence in the Harris County jail on January 8, 1991. Subsequently, the trial court granted Lima's motion for "shock probation," reasoning that the legislature did not intend for the restrictions in article 42.12 to apply to individuals such as Lima.

The trial court has the authority to grant "shock probation" in felony cases if a motion is filed within 180 days from the date the execution of the sentence actually begins, by either the court, state or defendant and, the trial judge believes that the defendant would not benefit from further incarceration. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 6(a) (Vernon Supp.1991). However, before a defendant can even be considered for "shock probation," he must satisfy the following criteria under article 42.12:

1. the defendant is otherwise eligible for probation under this article;
2. the defendant had never before been incarcerated in a penitentiary serving a sentence for a felony; and
3. the offense for which the defendant was convicted was other than those defined by Section 19.02, 20.04, 22.021, 22.03, 22.04(a)(1), (2), or (3), 29.03, **36.02**, 38.07, 71.02 or a felony of the second degree under Section 38.10, Penal Code.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 6(a)(1), (2), (3) (Vernon Supp.1991) (emphasis added).

The statute expressly excludes defendants who are convicted for the felony offense of bribery under 36.02 of the Penal Code, from being considered for "shock probation." TEX.PENAL CODE ANN. § 36.02. Nonetheless, appellee contends that the legislature only intended to prevent the courts from granting "shock probation" to a public servant who solicits bribes rather than a non-public person who offers or agrees to confer a benefit on a public servant. Specifically, the appellee states that the restriction on "shock probation" was caused by the legislative concern over the public dissatisfaction with a district judge being convicted of bribery, and then receiving "shock probation."

Despite the reasoning of appellee, the terms of section 6(a) are clear and unambiguous. When a statute is clear and unambiguous, this court will not strain that plain meaning of the wording in order to give the statute a "desirable" reading. Courts may not enlarge or alter the plain meaning of statutory language. *State v. Hatten*, 600 S.W.2d 828 (Tex.Crim.App. 1980). Thus, when the words are clear, the statute must be given its literal interpretation. *Id.*

In the instant case, Section 6(a) is plain, unambiguous, unequivocal, and leaves no room for interpretation. Anyone convicted for the felony offense of bribery under 36.02 of the Penal Code is not entitled to "shock probation." If the legislature intended the section to only apply to those individuals who influence judicial decisions, it could have easily done so. We must assume that the legislature meant for the section to be read as it was written. *Schalk v. State*, 767 S.W.2d 441 (Tex. App.—Dallas 1988, no pet.). Thus, we conclude that, according to the clear and unambiguous language of the statute, the trial court was without authority to grant "shock probation" under article 42.12. Appellant's point of error is sustained.

The decision of the trial court is reversed.