Affirmed and Memorandum Opinion filed March 6, 2008








Affirmed and Memorandum Opinion filed March 6, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00747-CR

_______________

 

RICHARD GARZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 1050460

                                                                                                                                                

 

M E M O R AN D U M   O P I N I O N

Appellant,
Richard Garza, pleaded guilty to one charge of aggravated robbery, and the
trial court sentenced him to life imprisonment.  In two issues, appellant
contends (1) his plea was not voluntarily, knowingly, and intelligently given;
and (2) he received ineffective assistance of counsel. Our disposition is
based on settled law.  Accordingly, we issue this memorandum opinion and
affirm. See Tex.
R. App. P. 47.4.

I. Background

On
December 15, 2005, Stephen Kwiatkowski and Kelly Berg, undercover officers in
the Narcotics Division of the Houston Police Department, were conducting Abuy and bust@ operations in the Montrose area of
Houston, Texas.  At approximately 12:25 a.m., appellant, accompanied by three
companionsBRudolfo Villalta, Michael Martinez, and Aurelio Chavez, approached the
officers and offered to sell them cocaine.  During the consummation of the drug
deal, appellant and Martinez attempted to rob the officers.  A gun battle
ensued in which appellant fired his handgun six times.  Officer Kwiatkowski was
seriously wounded, suffering three bullet wounds to the stomach and one to the
hip.  Further, Chavez was killed, and Martinez and Villalta were wounded. 
Appellant and Martinez fled and hid underneath a nearby house until they were
discovered and arrested.  

II. Analysis

In two
issues, appellant contends his plea of guilty was involuntarily and unknowingly
made, and he received ineffective assistance of counsel.  We disagree.

A.        Guilty
Plea

In his
first issue, appellant contends his guilty plea was not freely, knowingly, and
voluntarily made as required by the Fourteenth Amendment of the United States
Constitution.  See U.S. Const. amend. XIV, ' 1. Specifically, he argues he did
not know the consequences of his plea, and he was misled into giving his plea,
by the trial court=s allegedly incorrect admonishment regarding the range of
punishment for the offense of aggravated robbery.








The
waiver of the right to a plea of not guilty is surrounded by constitutional and
statutory procedural protections.  Mendez v. State, 138 S.W.3d
334, 344 (Tex. Crim. App. 2004).  Due process of law requires that waivers of
constitutional rights be voluntarily, knowingly, and intelligently done with
sufficient awareness of the relevant circumstances and likely consequences.  Brady
v. U.S., 397 U.S. 742, 748 (1970); Mendez, 138 S.W.3d at 344.  A
trial court is required to admonish the accused regarding the range of
punishment attached to an offense before it may accept a guilty plea.  See Tex.
Code Crim. Proc. art. 26.13(a) (Vernon 1989 & Supp. 2007).  Substantial
compliance with article 26.13 is sufficient, unless the defendant affirmatively
shows that he was not aware of the consequences of his plea and that he was
misled or harmed by the admonishments.  See Tex. Code Crim. Proc. art.
26.13(c) (Vernon 1989 & Supp. 2007). 

Before
accepting appellant=s guilty plea, the trial court admonished him, both orally
and in writing, of the range of punishment for the offense of aggravated
robbery.[1]  In its oral
admonishment, the trial court stated, AI could give you a punishment
anywhere from five to ninety-nine years or life and up to a $10,000 fine,
and/or I could give you probation or deferred adjudication.@  Appellant argues the trial court=s admonishment rendered his plea
involuntary because he was ineligible for court ordered community supervision,
and the trial court=s finding of guilt following his plea hearing divested the
court of its power to grant deferred adjudication.  See Tex. Code Crim.
Proc. art. 42.12 '' 3g(a)(1)(F), 5 (Vernon 2006 & Supp. 2007).

A trial
court is authorized to place a defendant on one of various forms of probation
if the accused meets the requirements of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc. art 42.12 (Vernon 2006 & Supp. 2007). 
Community supervision probation and deferred adjudication probation are
independent of each other in the sense that a defendant may be eligible for one
form of probation but not the other.  See id.  West v. State, 702
S.W.2d 629, 634 (Tex. Crim. App. 1986).  








We
disagree with appellant=s claim that the trial court improperly led him to believe he
was eligible for probation.  Appellant correctly notes he was not eligible for
court-ordered community supervision.  See Tex. Code Crim. Proc. art.
42.12 ' 3.  However, deferred adjudication
is a type of probation, and appellant was eligible for deferred adjudication
until the point the trial court adjudged him guilty.  See id. ' 5(a).  Consequently, the trial court=s admonishment that it Acould give [appellant] probation or
deferred adjudication@ was not misleading.  See Hudson v. State, 772 S.W.2d
180, 181B82 (Tex. App.CHouston [14th Dist.] 1989, pet. ref=d) (holding that trial court did not
mislead defendant by admonishing him regarding his eligibility for probation
where defendant was not entitled to Aregular@ court ordered probation but was
eligible for deferred adjudication probation). 

We
further disagree with appellant=s claim that the trial court=s oral finding of guilt precluded it
from granting deferred adjudication.  After accepting appellant=s guilty plea, the trial court
stated, AI=m going to make a finding of guilt
with regard to the offense of aggravated robbery.@  Appellant contends this statement
operated to adjudicate his guilt, rendering him ineligible for deferred
adjudication. 

However,
an oral finding of guilt does not divest the trial court of its power to grant
deferred adjudication.  See West, 702 S.W.2d at 634B35.  Article 42.12, Section 5(a) of
the Code of Criminal Procedure states, in pertinent part:

Except as
provided by Subsection (d) of this section, when in the judge=s opinion the best interest of society and the
defendant will be served, the judge may, after receiving a plea of guilty or
plea of nolo contendere, hearing the evidence, and finding that it
substantiates the defendant=s guilt, defer
further proceedings without entering an adjudication of guilt, and place the
defendant on community supervision.

Tex. Code Crim. Proc.
art. 42.12 ' 5(a).  Further, the Code of Criminal Procedure defines Ajudgment@ as: Athe written declaration of the
court signed by the trial judge and entered of record showing the conviction or
acquittal of the defendant.@  Tex. Code Crim. Proc. art. 42.01 ' 1 (Vernon 2006) (emphasis added).  








The
trial court accepted appellant=s guilty plea at a plea hearing conducted June 7, 2006. 
However, the trial court entered no written declaration regarding appellant=s guilt until the court signed its
written judgment following the completion of the sentencing hearing on August
17, 2006.  Consequently, the trial court=s oral finding at appellant=s plea hearing did not divest the
court of its power to grant deferred adjudication.  See West, 702 S.W.2d
at 634B35.  We conclude the trial court=s admonishment that it could consider
granting deferred adjudication was a correct statement of law and did not
mislead appellant.  Appellant=s first issue is overruled.

B.        Ineffective
Assistance of Counsel

In his
second issue, appellant contends he received ineffective assistance of
counsel.  To prevail on an ineffective-assistance claim, an appellant must
prove, by a preponderance of the evidence, that: (1) counsel=s performance was so deficient as to
fall below an objective standard of reasonableness; and (2) there is a
reasonable probability that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  

Appellate
review of counsel=s representation is highly deferential and presumes that
counsel=s actions fell within the wide range
of reasonable and professional assistance.  See Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002).  The record must contain evidence showing the
reasons for counsel=s decisions or actions regarding the claimed error or omission. 
Id.  In the absence of such evidence, we will not find the performance
was deficient unless the challenged conduct was Aso outrageous that no competent
attorney would have engaged in it.@  Goodspeed v. State, 180
S.W.3d 793, 797 (Tex. Crim. App. 2005). Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel=s representation was so deficient as
to overcome the presumption that counsel=s conduct was reasonable and
professional.  Bone, 77 S.W.3d at 833.








Appellant
argues there was no plausible professional reason for counsel=s failure to advise him that he was
ineligible for either probation or deferred adjudication or in failing to
object to the trial court=s admonishments.  However, as stated above, appellant was
eligible for deferred adjudication probation until the trial court entered its
signed written declaration adjudging him guilty of aggravated robbery. 
Furthermore, the record before us is silent regarding counsel=s reasoning behind any of his actions
taken during appellant=s trial.  Consequently, appellant has failed to overcome the
presumption of reasonable assistance.  We overrule appellant=s second issue.

Accordingly,
the judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed March 6, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant=s
complaint centers on the trial court=s
oral admonishment.  He does not contend the trial court=s written admonishments were incorrect or misleading.