

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

**Nos. PD-0034-10 and PD-0035-10**

**THE STATE OF TEXAS**

**v.**

**CODY JOE POSEY, Appellee**

**ON APPELLEE'S PETITIONS FOR DISCRETIONARY REVIEW**
**FROM THE SIXTH COURT OF APPEALS**
**LAMAR COUNTY**

     **JOHNSON, J., delivered the opinion for a unanimous Court. KEASLER, J., filed a concurring opinion, in which HERVEY and COCHRAN, JJ. join.**

## O P I N I O N

A jury convicted appellee of two criminally negligent homicides, alleged in separate indictments. The jury found that the motor vehicle driven by appellee in the commission of these offenses was used or exhibited as a deadly weapon, assessed punishment at two years' imprisonment, and recommended that the sentences be probated. The trial court followed that recommendation and

placed appellee on community supervision for five years for each conviction.[1]  On November 21, 2008, facing motions to revoke community supervision in both cases, appellee plead "true" to violation allegations in each case.  After an evidentiary hearing on the motions, the trial judge found that appellee had violated the terms of his community supervision and sentenced him to 22 months on each offense, with the sentences to run concurrently.[2]  In his oral comments, the trial judge suggested that appellee's attorney should file a motion for shock probation after appellee had been in state jail for at least 75 days.

On January 7, 2009, appellee filed a "Motion to Impose Community Supervision," which contained both cause numbers, noting that it had been "less than 180 days subsequent to the date execution of sentence actually began."  The trial court conducted a hearing on appellee's motion, and at its conclusion stated, "I am going to grant shock probation to Mr. Posey.  I'm going to extend the period of his probation to seven years.  ... I will place Mr. Posey back on probation, but will increase the length of time of his probation to seven years."

After confirming to the district clerk that the ruling applied to both cases and acknowledging that the prosecutor intended to appeal the issue, the trial judge said that the sentence "was originally five years' probated and I'm going to raise it to ten years.  So it will be ten years–that'll be two years in TDC, probated for ten."  Appellee's attorney then stated, "Two, probated for ten[,]" to which the

---

[1] We note that in 1993, during the 73rd Legislative Session, the statutory term for probation was changed to "community supervision."  Both terms refer to the same process and will be used interchangeably in this opinion. *Ivey v. State*, 277 S.W.3d 43, 51 n.48 (Tex. Crim. App. 2009).

[2] While the trial judge's oral pronouncement of sentence was 22 months on each offense to run concurrently, the written judgments reflect that punishment was assessed as confinement for two years in the institutional division of the Texas Department of Criminal Justice.  The court of appeals addressed this inconsistency, but neither party sought review of that decision.  *State v. Posey*, 300 S.W.3d 23, 32-35 (Tex. App.—Texarkana 2009).

trial judge responded, "Yes." The written order granted appellee's Motion to Impose Community Supervision and ordered that: "1. The community supervision imposed in each case is hereby extended to five additional years; and 2. Cody Posey pursuant to the granting of this motion is hereby ordered released and placed on community supervision." The judgment of conviction in each case reflected that the sentence of confinement was suspended and that appellee was placed on community supervision for ten years.

The state appealed, claiming in a consolidated brief that the trial court had reversibly erred by modifying the judgments of both causes and suspending the execution of the sentences and placing appellee on shock community supervision. It argued that, because appellee was not eligible for judge-ordered community supervision, the trial court lacked the jurisdiction to grant shock community supervision, thus it asked the court of appeals to vacate the order placing appellee on community supervision and to reinstate of the judgments of conviction. The court of appeals agreed that the affirmative deadly-weapon finding rendered appellee ineligible for judge-ordered community supervision, which prevented the trial trial judge from ordering community supervision, and that the trial court had therefore erred by ordering shock community supervision. *State v. Posey*, 300 S.W.3d 23 (Tex. App.—Texarkana 2009), and *State v. Posey*, No. 06-09-00040-CR (Tex. App.—Texarkana, delivered October 20, 2009) (not designated for publication). The court of appeals reinstated the judgments revoking appellee's community supervision and remanded the cases to the trial court with specific instructions to carry out the two-year sentences. *Id*. We affirm the judgments of the court of appeals.

Appellee's sole ground for review asserts that

[t]he court of appeals erred in vacating the trial court's imposition of shock

community supervision on the basis that a trial judge has no jurisdiction to grant shock probation when the Petitioner's underlying offense had involved a deadly weapon finding as the Petitioner had originally been placed on community supervision by a jury.

The state argues that the court of appeals correctly interpreted Article 42.12 by holding that appellee was not eligible for judge-ordered community supervision and was not "otherwise eligible" for shock probation because of the deadly-weapon findings. In support, the state cites our opinion in *State v. Dunbar*, 297 S.W.3d 777 (Tex. Crim. App. 2009).

In *Dunbar*, we held that because Article 42.12, § 3g, stated that a person who had been convicted of indecency with a child is ineligible for regular community supervision and Article 42.12, § 6(a)(1), provided that a person who is ineligible for regular community supervision is also ineligible for shock community supervision, Dunbar, who was convicted of indecency with a child, was ineligible for shock community supervision. *Dunbar*, 297 S.W.3d at 780.[3] However, in the instant cases, appellee was eligible for, and in fact was placed on, regular community supervision. Pursuant to Article 42.12, § 4, when a jury recommends that its sentence of confinement be suspended, the trial judge shall suspend the sentence and place the defendant on community supervision. In these two cases, that is precisely what happened; appellee was initially placed on community supervision because he was eligible for jury-recommended supervision and the jury recommended it.

The state also cites *Ex parte Austin*, 746 S.W.2d 226 (Tex. Crim. App. 1988), in which, pursuant to a plea agreement, the defendant plead guilty to attempted murder before the trial court, and the court made an affirmative finding of deadly weapon based on the use of a handgun. Pursuant

---

[3] We also observe that Dunbar plead *nolo contendere* to the charge and that the trial court deferred adjudication of guilt and placed her on community supervision. *Id*. at 778.

to the plea agreement, Austin was granted shock probation by the trial court. We held that because of the deadly-weapon finding, Austin was not eligible for regular probation by the trial court and the trial court was without power to grant it; Austin could be granted shock probation only if he was otherwise eligible for probation under Article 42.12. But here, appellee was eligible for, and received, jury-recommended probation under Article 42.12.

The state also cites the court of appeals opinion, *State v. Lima*, 825 S.W.2d 733 (Tex. App. —Houston [14th Dist.] 1992, no pet.), which held that the trial court improperly granted shock probation to Lima because the offense of which he was convicted was specifically excluded from being considered for shock probation. However, the offense for which appellee was convicted in these two cases, criminally negligent homicide, is not excluded.

Appellee points out that Code of Criminal Procedure article 42.12, § 6, provides that shock probation may be granted if the defendant "is otherwise eligible for community supervision under this article." He notes that Article 42.12 contains provisions for eligibility for community supervision by a judge as well as by a jury. He argues that § 6 does not specify that shock probation can be granted only if the defendant was initially eligible for community supervision from a judge, but rather says merely that the defendant must be eligible for community supervision "under this article." He asserts that nothing in Article 42.12 makes him ineligible for shock probation because, under Article 42.12, he properly received community supervision for criminally negligent homicide from a jury, even with a deadly-weapon finding.

The issue before us is the interplay of Article 42.12, § 6(a)(1)'s "is otherwise eligible for community supervision under this article" between shock probation and the other forms of supervision. Because that phrase does not refer to a particular section of the article, the plain

meaning is that it refers to the entirety of Article 42.12–which discusses several kinds of community supervision, including judge-ordered (§ 3), jury-recommended (§ 4), deferred-adjudication (§ 5)–unless using the plain meaning produces an absurd result or the language within the other sections of Article 42.12 narrows eligibility. We consider the availability and limitations of each type of supervision.

The phrase cannot include deferred adjudication, as it may be granted only when there has been no finding of guilt, a circumstance contrary to a verdict of guilty and assessment and execution of sentence. (§ 5(a): a judge may find that the evidence substantiates the defendant's guilt and defer further proceedings without a finding of guilt.)

Because the jury verdict included an affirmative finding of the use of a deadly weapon, the trial judge could not grant community supervision without a recommendation from the jury. (§ 3(g)(a)(2): "The provisions of Section 3 of this article do not apply: to a defendant when it is shown that a deadly weapon . . . was used or exhibited during commission of a felony offense or during immediate flight therefrom . . ..)

The jury could, and did, recommend community supervision, but the jury's recommendation extends only to regular probation. We conclude that that limitation exists because a grant of regular community supervision suspends the imposition of the assessed sentence, while shock probation suspends further execution of a sentence that the defendant had already begun serving.[4] *O'Hara v. State*, 626 S.W.2d 32, 34-35 (Tex. Crim. App. 1981). The trial judge's authority to order any form

---

[4] If a jury recommends community supervision, the trial judge must grant it and will then set the terms and conditions of the supervision. TEX. CODE CRIM. PROC. art. 42.12, §§ 4, 11. Those conditions may include time spent in the county jail, TEX. CODE CRIM. PROC. art. § 12, but cannot include time spent in prison, which may be assessed only after revocation of the recommended community supervision, TEX. CODE CRIM. PROC. art. 42.12, § 23.

of community supervision arises from the jury's recommendation of regular community supervision and thus has the same limitations.  We hold that a trial judge may not grant shock probation unless the defendant is eligible for judge-ordered community supervision.

The judgment of the court of appeals in each cause is affirmed.


Delivered: January 12, 2011
Publish