Brad Lee **GRAVES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–89–01059–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 6, 1990.

David Cunningham, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before ROBERTSON, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Brad Lee Graves, appeals his judgment of conviction for the offense of murder. TEX.PENAL CODE ANN. § 19.02 (Vernon 1989). Appellant entered a plea of guilty to the court and the State agreed to stand silent on the issue of punishment. The court then assessed punishment at 25 years confinement in the Texas Department of Criminal Justice. We affirm.

Appellant assigns four points of error on appeal. In his first point of error, appellant contends that the erroneous advice of his trial counsel concerning the possibility of probation rendered his guilty plea involuntary. In his second point of error, appellant argues the trial court erred in not withdrawing appellant's plea of guilty when it became apparent that there was a fact issue as to innocence. In his third point of error, appellant asserted that he was denied effective assistance of counsel by the failure of trial counsel to investigate the defense of accident. In his fourth point of error, appellant states that he was denied the effective assistance of counsel by the failure of his trial counsel to properly advise him about his eligibility for probation for this offense.

Appellant's conviction arises from the fatal shooting of one Anthony Simpson, estranged husband of Jocelyn Simpson. Upon the arrival of the police at the crime scene, Mrs. Simpson reported the events leading up to the fatal episode as follows: She was trying to retrieve her welfare check from Anthony Simpson who had knocked her down onto the floor when appellant entered, carrying a gun. Appellant stated "Don't hit her no more!" Appellant's gun then discharged, hitting and killing Anthony Simpson. Mrs. Simpson further stated that appellant said "The gun went off, I didn't try to do it." Upon the arrival of police, appellant was arrested and charged with murder. Appellant gave the police a statement indicating that the shooting was an accident.

In his first point of error, appellant contends that his guilty plea is involuntary due to the erroneous advice of his counsel about the possibility of probation. Appellant reasons that TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g precludes probation and shock probation for the instant offense. Contrary to appellant's assertion, he was eligible for probation at the time of his plea. Accordingly, appellant's trial counsel did not erroneously advise appellant as to his eligibility for probation. Appellant pled guilty to murder. TEX.PENAL CODE ANN. § 19.02 art. (a)(2).[1] Thus, he failed to plead to any of the specific offenses as to which TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g bars probation as a possible alternative to confinement. Further, at the time of sentencing, the trial court had not made an affirmative finding on the use of a deadly weapon. An oral finding of guilt does not amount to an affirmative finding of a deadly weapon. The trial court made its affirmative finding of a deadly weapon after sentencing the appellant to twenty five years. Therefore, TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g(b) would not have prevented the trial court from granting probation.

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g (Vernon 1989) provides:

(a) The provisions of Sections 3 and 3c of this Article do not apply:

1. The indictment did not contain an enhancement paragraph.

(1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:

(A) Section 19.03 (Capital Murder)

(B) Section 20.04 (Aggravated Kidnapping)

(C) Section 22.021 (Aggravated Sexual Assault)

(D) Section 29.03 (Aggravated Robbery); or

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. *Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.* (Emphasis added).

■ Moreover, even if there were an affirmative finding on the use of a deadly weapon in the instant offense, TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g(b) specifically permits shock probation for second degree felony offenses or greater when there is an affirmative finding of a deadly weapon.

(b) *If there is an affirmative finding that the defendant convicted of a felony of the second degree or higher used or exhibited a firearm during the commission or flight from commission of the offense and the defendant is granted probation, the court may order the defendant confined in the Texas Department of Corrections for not less than 60 and not more than 120 days.* At any time after the defendant has served 60 days in the custody of the Department of Corrections, the sentencing judge, on his own motion or on the motion of the defendant, may order the defendant released to probation. The Department of Corrections shall release the defendant to probation after he has served 120 days. (Emphasis added).

Further, appellant was not excluded from deferred adjudication probation under TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3d(a) (Vernon 1989), which provides in part:

Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilt or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, *and place the defendant on probation.* In a felony case, *the period of probation* may not exceed 10 years. (Emphasis added).

Thus, appellant's trial counsel did not misinform him regarding his eligibility for probation. Although probation during deferred adjudication of guilt is distinguished in several respects from ordinary probation, the fact remains that it is a sub-species of probation. *Hudson v. State,* 772 S.W.2d 180 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). At the hearing on the motion for new trial, appellant's defense counsel specifically testified that he hoped the appellant would receive deferred adjudication, the minimum possible punishment.

In *West v. State,* 702 S.W.2d 629, 634 (Tex.Crim.App.1987) (opinion withdrawn in part on procedural grounds) the court of criminal appeals wrote:

The Legislature has prescribed methods the courts may use to grant post-conviction probation. Article 42.12 § 3, V.A.C.C.P., authorized a form commonly known as "regular" or "initial" probation, in contrast to the form authorized in Sec. 3e, known as "shock" probation.

Yet another form of probation is authorized by Art. 42.12, Sec. 3d,—known as deferred adjudication or unadjudication probation.

Favorably citing this opinion, Judge Clinton wrote in his concurrence in *Ex Parte Aus-*

*tin,* 746 S.W.2d 226, 232 (Tex.Crim.App. 1988):

> Article 42.12, supra, provides the statutory mechanisms by which a trial judge may grant "regular" or "initial" probation in §§ 3 and 3c, deferred adjudication or "unadjudicated probation" in § 3d, or shock probation in § 3e (shock probation) . . .
>
> Section 3g(a) is not a complete ban on the power of the trial court to grant probation; it does not purport to bar application of § 3d, or shock probation in § 3e (shock probation) . . .

■ Therefore, since the trial court could have granted "regular probation," "shock probation" or "deferred adjudication probation," at the time of his plea, appellant was not misinformed by his trial counsel. This court has found that defense counsel's unsuccessful strategy in advising an appellant to plead guilty, predicting a lesser sentence than that received, did not render the plea unknowing or involuntary. *Enard v. State,* 764 S.W.2d 574, 575 (Tex. App.—Houston [14th Dist.] 1989, no pet.); see also, *West v. State,* supra; *Kirven v. State,* 492 S.W.2d 468 (Tex.Crim.App.1973). (The fact that appellant relied on his attorney's professional opinion does not make the plea involuntary; *Medford v. State,* 766 S.W.2d 398, 401 (Tex.App.—Austin 1989, pet. ref'd). Texas probation laws allow probation for most offenses, the chief exclusions being certain aggravated crimes and where the sentence is over ten years. Neither appellant's conviction for murder nor his use of a deadly weapon make him per se ineligible for probation. Appellant's situation is clearly distinguished from the cases he cites where the defendants were advised that they were eligible for probation when they were statutorily barred from probation. In *Ex parte Kelly,* 676 S.W.2d 132 (Tex.Crim.App.1984) appellant was advised he was eligible for probation when this was a legal impossibility due to his guilty plea to aggravated sexual assault. In the case before us, appellant was eligible for probation up until the point the judge imposed a sentence of 25 years. Had the judge imposed a sentence of less than ten years or granted shock probation appellant could have received probation. Appellant's first point of error is overruled.

■ In appellant's second point of error he complains that the trial court erred in failing to withdraw appellant's plea of guilty *sua sponte.* Appellant argues that certain statements in his pre-sentence investigation report indicate that he shot the victim accidentally. Appellant concludes that such statements reasonably and fairly raised an issue of his innocence requiring a withdrawal of his plea of guilty.

On July 3, 1989, appellant waived a jury and entered a plea of guilty to the offense of murder before the Court. Appellant was admonished by the court as follows:

COURT: Sir, to this indictment how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Sir are you pleading guilty because you are guilty and not because of any promises, not because of any fear, not because of any persuasion on the part of your attorney, the District Attorney and friends or relatives or any delusive hope or idea that you have a better chance of getting a pardon or parole, but pleading guilty because you are guilty and no other reason. Is this correct?

THE DEFENDANT: Yes.

THE COURT: Sir, do you understand your right to a trial by jury?

THE DEFENDANT: Yes, sir.

THE COURT: You want a jury trial?

THE DEFENDANT: No, sir.

THE COURT: You want to waive a jury trial?

THE DEFENDANT: Yes, sir.

The court found appellant guilty of murder and recessed the case to allow for the preparation of a presentence investigation (P.S.I.).

On November 14, 1989 at the sentencing hearing, statements in the P.S.I. raised a question that the shooting of the deceased by appellant was an accident. Appellant in open court through his counsel agreed to delete from his statement contained in the

P.S.I. the word *accidentally* in a sentence reading "the gun accidentally fired."

The appellant maintains that the rule set forth in *Burks v. State*, 165 S.W.2d 460 (Tex.Crim.App.1942), requiring withdrawal of guilty pleas *before a jury* when evidence is introduced which reasonably and fairly raises an issue of innocence, has been expanded to all cases, not just those pleas before a jury, by *Griffin v. State*, 703 S.W.2d 193, 195 (Tex.Crim.App.1986).

However, in *Goodie v. State*, 735 S.W.2d 871, 873 (Tex.App.—Houston [14th Dist.] 1987) *pet. ref'd*, 745 S.W.2d 379 (Tex.Crim. App.1988). This court held that the rule set forth in *Griffin v. State* does not apply to pleas of guilty before the court. Accordingly, even if an issue of guilt was fairly and reasonably raised, a withdrawal of the guilty plea is not required, but is left to the sound discretion of the trial court, since the instant plea was before the court. *Moon v. State*, 572 S.W.2d 681 (Tex.Crim.App.1978) (The trial court is not required to withdraw a plea of guilty sua sponte and enter a plea of not guilty for defendant when defendant enters a plea of guilty before court after waiving a jury, even if evidence is adduced that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to his guilt); *also see Thomas v. State*, 599 S.W.2d 823 (Tex.Crim.App. 1983).

In the instant case, the trial court had accepted appellant's judicial confession and his plea of guilty on July 3, 1989. The statements found in the presentence investigation report indicating that the shooting was accidental were offered at the sentencing hearing, on September 1, 1989 and the word accidentally was withdrawn by appellant. We find that the trial court is not required to withdraw appellant's guilty plea. The appellant's second point of error is overruled.

◼ In appellant's third point of error he complains that he was denied his sixth amendment right to effective assistance of counsel because his trial counsel failed to investigate a "defense of accident." Appellant has pled guilty to the instant charge without a recommendation from the State and has thereby waived his non-jurisdictional complaints. Appellant does not challenge the jurisdiction of the trial court. Appellant has therefore waived all non-jurisdictional defects. *King v. State*, 687 S.W.2d 762 (Tex.Crim.App.1972); *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972).

When presenting a claim of ineffective assistance of counsel at the guilt/innocent stage, an appellant must show (1) that his trial counsel's performance was deficient and (2) that, but for his trial counsel's alleged unprofessional errors, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–694, 104 S.Ct. 2052, 2064–2068, 80 L.Ed.2d 674; *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984). A claim of ineffective assistance of counsel can be sustained only if it is firmly grounded in the record. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981); *Shepherd v. State*, 673 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App.1984).

The criminal defense lawyer controls the progress of a case, while the client confronts only three personal decisions: (1) his pleas to the charge; (2) whether to be tried by a jury; and (3) whether to testify on his own behalf. *Jackson v. State*, 766 S.W.2d 504, 508 (Tex.Crim.App.1985); *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312–3313, 77 L.Ed.2d 987 (1983). Accordingly, the appellant, as opposed to counsel, has the ultimate authority to make the decision to plead guilty to the charged offense. *Id.; Goodie v. State*, supra at 874. The Texas Court of Criminal Appeals has stated that the only required duty of counsel, under the most liberal construction, when a plea of guilty is entered is that counsel should ascertain if the plea is entered voluntarily and knowingly. *Butler v. State*, 499 S.W.2d 136, 139 (Tex.Crim.App. 1973). It is noted that appellant's trial counsel negotiated a plea bargain of 10 years confinement from the State, a sen-

tence significantly lower than the 25 years ultimately imposed by the trial court. But appellant rejected this plea bargain, electing to have the judge decide his punishment. The decision to plead guilty is the personal decision of the accused. *Jackson v. State,* 766 S.W.2d 504, 508 (Tex.Crim. App.1985). The only responsibility of counsel is to see that the plea was entered knowingly and voluntarily. *Butler v. State,* 499 S.W.2d 136 (Tex.Crim.App.1973). Appellant was properly given all his statutory admonishments and he agreed to the statement that he was pleading guilty because he was guilty and for no other reason. This was appellant's decision. Thus, by pleading guilty appellant has waived any error under this point. Appellant's third point of error is overruled.

In appellant's fourth point of error, he alleges that he was denied effective assistance of counsel based upon his counsel's advice regarding his eligibility for probation. Appellant's allegations of ineffectiveness involve only the punishment phase of trial. Accordingly, the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 687–694, 104 S.Ct. 2052, 2064–2068, 80 L.Ed.2d 674 (1984) is not applicable. *Ex parte Walker,* 777 S.W.2d 427, 430 (Tex.Crim.App.1989); *Ex parte Cruz,* 739 S.W.2d 53 (Tex.Crim.App.1987). The effectiveness of counsel is to be judged by a single standard of reasonably effective assistance of counsel. *Id.* The right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel. *Id.* Appellant testified at his hearing for a new trial that he plead guilty only because his trial counsel assured him that he would get probation or no more than 10 years imprisonment. Appellant's trial counsel disputed this, testifying that he informed appellant simply that he would be eligible for probation.

As explained more comprehensively, under point of error one, appellant was, in fact, eligible for probation. Accordingly, his trial counsel's advice regarding probation does not amount to ineffective assistance of counsel. Appellant was not denied effective assistance of counsel by counsel's inaccurate prediction that appellant would receive probation if he entered a nolo contendere plea where the record reveals no promises to appellant and that he was fully admonished that the court could assess punishment anywhere within the statutory range. *Messer v. State,* 757 S.W.2d 820 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Appellant's fourth point of error is overruled.

Accordingly the judgment of the trial court is affirmed.