Opinion issued November 17, 2005













In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-04-00875-CR
          01-04-00876-CR
          01-04-00877-CR
__________
 
JORGE ISAAC LAZO, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 973550, 974193, and 974038
 

 
 
MEMORANDUM OPINION
          Appellant, Jorge Isaac Lazo, Jr., entered an “open plea” of guilty to three
counts of aggravated robbery. The trial court convicted appellant and sentenced him
to three concurrent terms of 50 years in prison. In three points of error, appellant
contends that the trial court (1) abused its discretion in failing to withdraw appellant’s
guilty pleas, sua sponte; (2) violated appellant’s state due process rights by not
placing him on community supervision and sentencing appellant to an excessive term;
and (3) violated appellant’s federal right to be free from cruel and unusual
punishment. We affirm. 
 Background
           Appellant admitted that, on January 8, 2004, while driving his father’s car, he
stopped people by bumping the rear bumpers of their cars and, once they had stopped,
robbing the victims at gunpoint with his two companions. Appellant reported that,
during one robbery, they took the victim’s car and drove it while committing other
robberies. 
          Appellant pled guilty to three counts of aggravated robbery. During the pre-sentence investigation, witnesses identified appellant as being the gunman in at least
three of the robberies. Appellant admitted to robbing only one person at gunpoint,
but admitted to driving the car during each robbery. 
Plea Withdrawal
          In point of error one, appellant contends that the trial court abused its discretion
in failing to withdraw appellant’s guilty plea, sua sponte, on the basis that appellant
raised an issue regarding his innocence.
          In Moon v. State, 572 S.W.2d 681 (Tex. Crim. App. 1978), the Court of
Criminal Appeals held that a trial court is no longer required to sua sponte withdraw
a plea of guilty for a defendant when the defendant waives a jury trial and enters a
plea of guilty, even if evidence is adduced that might raise an issue of fact as to the
guilt of the defendant. Id. at 681; Hargrave v. State, 10 S.W.3d 355, 359 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d) (holding that trial court not required to
withdraw guilty plea sua sponte after bench trial even if evidence makes defendant’s
innocence evident). The trial judge, as the trier of the facts, may decide, without
withdrawing the plea, the issue either finding the defendant not guilty or guilty as he
believes the facts require. Thomas v. State, 599 S.W.2d 823, 824 (Tex. Crim. App.
1980). The trial court has discretion to withdraw the plea sua sponte in a bench trial. 
See Graves v. State, 803 S.W.2d 342, 346 (Tex. App.—Houston [1st Dist.] 1990, pet.
ref’d). 
          We overrule point of error one. 
                                                  Due Process Rights

          In point of error two, appellant argues that his due process rights were violated
when the trial court abused its discretion in not placing him on community
supervision and in sentencing him to an excessive term.
          As a prerequisite for presenting a complaint for appellate review, the record
must show that the complaint was made to the trial court by a timely request,
objection, or motion. Tex. R. App. P. 33.1(a)(1)(A). The complaint must have stated
the grounds for the ruling that the complainant sought from the trial court with
sufficient specificity to make the trial court aware of the complaint unless the specific
grounds were apparent from the context. Id. If a party fails to do this, error is not
preserved, and the complaint is waived. Mendez v. State, 138 S.W.3d 334, 339 (Tex.
Crim. App. 2004). It is well established that even constitutional and statutory rights
may be waived by failure to object. Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim.
App. 2000) (holding constitutional issues can be waived); Solis v. State, 945 S.W.2d
300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding statutory and
constitutional rights can be waived). 
          At the pronouncement of sentence, appellant answered “no” when asked if he
had anything to say as to why the sentence should not be pronounced against him. 
The record reveals that at no time during the proceedings did appellant raise an
objection as to his due process rights. Thus, appellant has waived error on appeal. 
Mendez, 138 S.W.3d at 339. 
          We overrule point of error two.
                                       Cruel and Unusual Punishment
          In point of error three, appellant asserts that the trial court’s imposition of three
50-year prison sentences for aggravated robbery constituted a violation of his right
to be free from cruel and unusual punishment.
          The Texas Penal Code has specified punishment for a first degree felony from
five to 99 years in prison. Tex. Pen. Code Ann. § 12.32(a) (Vernon 2004–2005); id.
at § 29.03 (Vernon 2004–2005) (specifying aggravated robbery as a first-degree
felony). The legislature is vested with the power to define crimes and prescribe
penalties. State ex rel. Smith v. Blackwell, 500 S.W.2d 97, 104 (Tex. Crim. App.
1973). 
          At trial, appellant did not object to the alleged disproportionality of the
sentences. Appellant has waived any error. See Tex. R. App. P. 33.1(a)(1)(A); Solis,
945 S.W.2d at 301. 
          We overrule point of error three. 
                                                         Conclusion
          We affirm the judgment of the trial court.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).