Affirmed and Memorandum Opinion
filed January 13, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-09-01066-CR

NO. 14-09-01067-CR



Phyllis Smith, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 262nd District Court

Harris County, Texas

Trial Court
Cause Nos. 1148930, 1202375



 

MEMORANDUM OPINION 

Appellant Phyllis Smith challenges her felony
convictions for aggregate theft and securing execution of a document by deception.
 She complains that the trial court abused its discretion by failing to sua
sponte withdraw her guilty pleas when the evidence received by the court
established that (a) she was not guilty of the offenses and (b) she lacked the
requisite intent to commit the offenses.  We affirm.

BACKGROUND

On September 29, 2009, appellant pleaded guilty to
the offenses of aggregate theft and securing execution of a document by
deception.  In her signed written admonishments and guilty pleas for each
offense, she acknowledged the ranges of punishment, waived a jury trial, stated
she was mentally competent and understood both the nature of the charges and
the court’s admonishments, and stated that she “freely, knowingly and
voluntarily executed th[ese] statement[s] in open court.”  The trial court
accepted appellant’s guilty pleas.  Based on her pleas and the evidence, the
trial court found her guilty as charged in each case.  The trial court reset
the case for a punishment hearing in December 2009 to allow time for
preparation of a pre-sentence investigation (“PSI”) report.

On December 15, the trial court conducted a PSI
hearing.  Near the beginning of the hearing, the trial court stated that it had
“withheld a finding of guilt” on appellant’s original plea and asked appellant
if she had anything further to add before it made its finding of guilt.[1] 
Appellant’s counsel replied, “Not on that subject, Your Honor. . . .”  The
trial court again found appellant guilty as charged in each of the cases. 
After reviewing the PSI and hearing the testimony of appellant, the trial court
assessed punishment at forty years and a $10,000 fine for each offense,
sentences to be served concurrently.  This appeal timely followed. 

ANALYSIS

            First, we
note that appellant lists two issues for our review, but her briefs only
contain argument and analysis for a single issue:  that the trial court should
have withdrawn her guilty pleas sua sponte when evidence in the PSI
raised an issue as to her innocence.[2] 
Thus, we confine our analysis to this single issue and overrule her second
issue for failing to adequately brief it.  See Tex. R. App. P. 38.1(i)
(“The brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record.”).

Notwithstanding information contained in a PSI
report, withdrawal of a guilty plea is not required when a jury has been waived
and the case submitted to the court.  Fisher v. State, 104 S.W.3d 923,
923 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing Moon v. State,
572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (en banc), Solis v. State,
945 S.W.2d 300, 302–03 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d), and Graves
v. State, 803 S.W.2d 342, 346 (Tex. App.—Houston [14th Dist.] 1990, pet.
ref’d)).  In such a situation, the trial court is not required to withdraw a
guilty plea because the court is free to make any findings based on the
evidence regardless of the plea.  Id. 

Here, appellant expressly and voluntarily waived her
right to a jury trial, signed a judicial confession to the offenses charged,
received the required admonishments,[3]
and entered a guilty plea.  The court found appellant mentally competent, found
her plea to be voluntary, and found sufficient evidence to support her guilt. 
Thus, the trial court did not abuse its discretion in failing to sua sponte
withdraw her guilty plea based on information contained in the PSI report.  See
id.  We overrule her first issue.

Having overruled each of appellant’s issues, we
affirm the trial court’s judgments.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges, Justice
Jamison, and Senior Justice Mirabal.*

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
There is no explanation in our record for the inconsistency between the trial
court’s earlier finding of guilt on September 29, 2009, and this statement at
the beginning of the PSI hearing.





[2]
Appellant did not provide a written statement to the PSI reporter.  The
reporter indicated, however, that appellant did not admit her guilt or any
wrongdoing, stated that she regrets what happened, and asserted that if she had
known stolen identities had been used, she would not have done business with
her co-conspirators.  Yet appellant admitted to the PSI reporter that she knew
there was a “grey area” regarding the investment dealings that lead to her
arrest and indictments.  She further acknowledged that if she did something
wrong, then she has to “pay.”





[3]
See Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2009).





* Senior Justice Margaret Garner Mirabal
sitting by assignment.