**Affirmed and Memorandum Opinion filed April 10, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00586-CR

### EX PARTE RICKY DEAN FOWLER, Appellant

**On Appeal from the County Court at Law No. 1
Galveston County, Texas
Trial Court Cause No. CV-0069295**

## M E M O R A N D U M   O P I N I O N

Appellant Ricky Fowler appeals the denial of his application for writ of habeas corpus on the grounds of ineffective assistance of counsel, complaining of the trial court's admission of trial counsel's affidavit. We affirm.

### BACKGROUND

On June 29, 2012, appellant pleaded nolo contendere to the offense of attempted theft of material with a value less than $20,000. The trial court found appellant guilty and assessed punishment at 360 days' confinement in the Galveston County Jail.

On November 14, 2012, appellant filed an application for writ of habeas corpus alleging ineffective assistance of counsel. Specifically, appellant alleged his plea of nolo contendere was involuntary because his trial counsel failed to (1) consult with appellant; (2) properly investigate the offense; or (3) request a jury trial. On May 7, 2013, the trial court ordered appellant's trial counsel to file a sworn affidavit addressing the issues raised in appellant's application for writ of habeas corpus.

On May 24, 2013, appellant's trial counsel filed an affidavit in which she averred that she was appointed to represent appellant on a felony charge of possession of a controlled substance and the misdemeanor charge of attempted theft. The State offered to dismiss the felony charge in exchange for a plea in the misdemeanor attempted theft. Counsel conducted discovery, investigated, and reviewed the file. Attached to counsel's affidavit is a handwritten letter from appellant in which appellant wrote:

> I am writing this letter in regards to our last court appointment on the 30th of April. I know that the case was placed on the trial docket, and you requested that I not file any motions in my behalf, because the chief district attorney stated he will make you an offer of plea. I will accept pleading guilty to the charge of theft in the lower misdemeanor court already pending. It's very apparent the above styled possession case should have been dismissed long ago, because in truth, there is no case. My only request is that we bring these legal issues to a conclusion as soon as possible and I not have to sit a whole month before completion of the chief's offer, for I do have a family and life to move on towards. I've sat in here far too long, and would definitely appreciate, if you can make it possible for me to deal with my parole b[efore] next week by closing the misdemeanor guilty plea offer!!

Counsel further stated that she confirmed the misdemeanor plea offer for one year maximum sentence, and conducted a jail visit via the monitor on February 3, 2012. She visited twice more on June 5, 2012, and June 11, 2012, to discuss the plea deal. Counsel stated that appellant appeared "very eager to plead" and "never had any doubt or legal problems that he discussed with" her.

Also on May 24, 2013, the State filed a supplemental answer to appellant's application for writ of habeas corpus. The State generally denied appellant's allegations and argued that appellant's plea to the misdemeanor was not involuntary, but came at his request in exchange for dismissal of the felony charge. The State further argued that as counsel was preparing her affidavit, she discovered that the underlying judgment contained a clerical error in that it did not contain the word, "attempted," while the plea papers indicated that appellant pleaded nolo contendere to attempted theft. On May 14, 2013, the trial court signed a judgment nunc pro tunc correcting this clerical error.

On June 17, 2013, the trial court signed an order in which it found the representations contained in the State's answer, the State's supplemental answer, and trial counsel's affidavit "correct and credible." The court further found "that no controverted previously unresolved facts or issues exist which would entitle Applicant to relief, and that Applicant's claim has no legal merit." The court denied appellant's requested relief.

**Habeas Corpus Standard of Review**

We review a habeas court's determination on an application for writ of habeas corpus for abuse of discretion. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The habeas applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Id*. "We consider the evidence presented in the light most favorable to the habeas court's ruling regardless of whether the court's findings are implied or explicit, or based on affidavits or live testimony." *Id*. We will uphold the habeas court's judgment as long as it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in state criminal proceedings. *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *see also Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). To establish ineffective assistance of counsel, appellant must show that (1) his counsel's representation fell below the standard of prevailing professional norms, and (2) but for counsel's deficiency, there is a reasonable probability that the result of the trial would have been different. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 686–89 (1984)). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

In determining whether an attorney's performance was deficient, we apply a strong presumption that the attorney's conduct was within the range of reasonable professional assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We review the effectiveness of counsel in light of the totality of the representation and particular circumstances of each case. *Id.* at 143.

When a defendant challenges the voluntariness of a guilty or nolo contendere plea on the basis of ineffective assistance of counsel, the voluntariness of his plea depends on (1) whether counsel's advice was within the range of competence demanded and, if not, (2) whether there is a reasonable probability that, but for the ineffective assistance, the defendant would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). A defendant does not receive ineffective assistance of counsel simply because trial counsel advises the defendant to plead guilty or nolo contendere under an expectation that the court will

probate the sentence or impose a lighter sentence than is received. *See Graves v. State*, 803 S.W.2d 342, 345 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).

The record does not support appellant's contention that his counsel was ineffective, and that his nolo contendere plea was involuntarily made. *See Reissig v. State*, 929 S.W.2d 109, 112 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). To the contrary, the record contains a handwritten letter from appellant instructing counsel to accept the State's plea offer. Appellant's letter and trial counsel's affidavit are admissible in a post-conviction writ of habeas corpus proceeding to aid the trial court in assessing trial counsel's strategy. *See Ex parte LaHood*, 401 S.W.3d 45, 48 (Tex. Crim. App. 2013) (court considered court-ordered affidavit regarding counsel's "pre-trial investigative efforts, strategic decisions, and confidential communications with Applicant.").

Without evidence that shows both ineffective assistance and a reasonable probability that appellant would have insisted on a trial, he cannot overcome the strong presumption of effective assistance of counsel. *See Flores v. State*, 18 S.W.3d 796, 800 (Tex. App.—Austin 2000, no pet.). Appellant has not established that he received ineffective assistance by relying on his attorney's advice. *See Graves*, 803 S.W.2d at 345. Accordingly, we overrule appellant's issue on appeal and affirm the judgment of the trial court.


/s/     Martha Hill Jamison
Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).