**AFFIRMED and Opinion Filed January 20, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01282-CR**

**MARQUIS K JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1554782-T**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Garcia[1]
Opinion by Justice Garcia

This case involves ineffective assistance of counsel claims in the context of a revocation hearing.

The trial court revoked appellant's community supervision, adjudicated him guilty of possession with intent to manufacture or deliver heroin in an amount of more than four grams but less than 200 grams, and assessed punishment at twenty years in prison. Appellant now argues that his revocation hearing counsel was

---

[1] The Honorable Dennise Garcia succeeded the Honorable Bill Whitehill, a member of the original panel. Justice Garcia has reviewed the briefs and the record before the Court.

ineffective because he did not call mitigation witnesses and because counsel assured him his probation would not be revoked, rendering his plea involuntary. Finding no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

Appellant was charged with possession with intent to manufacture or deliver heroin in an amount of more than four grams but less than 200 grams and pleaded guilty pursuant to a plea agreement. The trial court deferred adjudication and placed appellant on ten years community supervision in accordance with the plea.

In April 2018, the State moved to revoke appellant's community supervision. Appellant pleaded true to the State's allegations. The trial court modified the conditions and continued appellant's community supervision.

A year later, the State moved again to revoke appellant's community supervision. Appellant pleaded true to the State's allegations and the trial court held a revocation hearing. When the hearing concluded, the court revoked appellant's community supervision, adjudicated him guilty, and assessed punishment at twenty years in prison.

Appellant filed a pro se notice of appeal. We abated the case for the trial court to appoint appellate counsel.

After counsel was appointed and the case reinstated, appellant argued that he was denied the right to counsel because he was not represented during the time for filing a motion for new trial and his plea was not voluntary because counsel was

ineffective. He further argued that counsel was ineffective because he failed to call mitigation witnesses during the revocation hearing.

We abated the appeal to allow an out of time motion for new trial. The motion was filed, the trial court conducted a hearing, a supplemental record was filed, and we reinstated the appeal. Having addressed appellant's argument concerning representation for the motion for new trial, we now consider appellant's remaining arguments.

## II. ANALYSIS

Appellant argues that his trial counsel was ineffective because (i) counsel failed to call mitigation witnesses, and (ii) his plea was involuntary in that counsel advised his probation would be continued, and he would not have pleaded true to the revocation allegations had he known he would be sentenced to twenty years in prison. The record does not support these assertions.

## A. Involuntary Plea

We begin with appellant's contention that his plea was not voluntary because revocation counsel was ineffective. The Sixth Amendment of the United States Constitution guarantees an accused's right to the effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). This right is applicable to guilty-plea proceedings. *See Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010).

A guilty plea may be considered involuntary due to ineffective assistance of counsel if the plea is not knowingly and voluntarily given due to the erroneous advice of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 688–89 (Tex. Crim. App. 2012). To demonstrate that a plea was involuntary based on ineffective assistance of counsel, the defendant must demonstrate by a preponderance of the evidence (1) that counsel's performance was deficient and (2) that the defendant was prejudiced as a result of counsel's errors. *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018); *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). An ineffective assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Under the first prong, the defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *see also Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Strickland's second prong generally measures prejudice in terms of whether the deficient performance affected the outcome of the proceeding. *See Strickland*, 466 U.S. at 694. Thus, when the deficient performance might have affected a punishment verdict, the prejudice inquiry focuses on whether there is a reasonable probability

–4–

that absent the errors, a more lenient punishment would have been assessed. *See Miller*, 548 S.W.3d at 500.

In this instance, the State alleged that appellant violated numerous conditions of his community supervision, including failing a urinalysis test as required for successful completion of the Substance Abuse Felony Program (SAFP) that was also a condition of his probation. Appellant pleaded true to all alleged violations.

Appellant testified at the revocation hearing and affirmed that he understood the State's allegations in the motion to revoke and wanted to enter a plea of true. He further affirmed his understanding that by pleading true, the trial court could find that he violated his community supervision, revoke it, adjudicate him guilty, and sentence him to the maximum provided by law. Appellant said he had discussed the matter at length with counsel, understood the terms of his plea, and had no questions for the trial court. He also signed the plea form acknowledging, among other things, that he could receive the maximum sentence allowed by law.

Likewise, at the hearing on the motion for new trial, appellant testified that he knew he was on deferred probation and the entire range of punishment was open. His attorney advised that he plead true to the probation violations and told appellant the judge could give him any sentence she wanted. Although appellant said he would not have pleaded true to the revocation allegations if he had known he would be sentenced to twenty years in prison, he admitted that he knew what he was doing when he entered his plea.

Appellant's revocation counsel, Jason Foster, testified that the State recommended a ten-year sentence, but there was no plea bargain. Foster informed appellant that the court could "follow the recommendation or not."

Appellant's fiancée also testified that she and appellant both knew that the revocation hearing could result in appellant being continued on probation or sent back to prison. They both also knew that the range of possible punishment was from five to ninety-nine years in prison.

On this record, there is nothing to suggest that appellant's plea was not voluntary or that counsel's advice was unreasonable. Advising a defendant to plead true in anticipation that the trial judge will rule leniently does not equate to ineffective assistance of counsel. *See Graves v. State*, 803 S.W.2d 342, 345 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). Appellant acknowledged that counsel informed him that the judge could consider the full range of punishment. Thus, while appellant may have hoped for a different outcome, he was fully apprised of and aware of the consequences of his plea. We therefore cannot conclude that counsel's performance regarding the plea was deficient. *See Strickland*, 466 U.S. at 687–88; *Morrow* 952 S.W.2d at 536.

## B.    Failure to Call Mitigation Witnesses

Appellant also urges that counsel was ineffective because he did not call several witnesses who were prepared to testify on appellant's behalf. The record establishes otherwise.

The failure to call a witness does not constitute ineffective assistance of counsel without showing both that the witness was available to testify, and that witness's testimony would have benefitted defendant. *See Wilkerson v. State*, 726 S.W.2d 542, 550–51 (Tex. Crim. App. 1986). Moreover, because counsel's decision to call witnesses is a strategic choice involving weighing risks and benefits of testimony, courts should evaluate an attorney's explanations before concluding counsel was ineffective. *See Prine v. State*, 537 S.W.3d 113, 118 (Tex. Crim. App. 2017).

Here, unlike most direct appeals, we have the benefit of a supplemental record on the motion for new trial. *See, e.g., Lopez v. State*, 343 S.W.3d 137, 144 (Tex. Crim. App. 2011) (record could have been supplemented to explain counsel's strategy). That record does not reflect that counsel's hearing strategy was objectively unreasonable.

Appellant's motion for new trial included affidavits from his fiancée, aunt, great aunt, great uncle, and his mother. These affidavits were admitted into evidence at the hearing and the witnesses affirmed their accuracy and substance. Each witness said that he or she was available to testify at the revocation hearing, but either no one contacted them, or they were told they need not attend. The witnesses also testified that they loved and supported appellant and were committed to his future success on probation and beyond. Some of the witnesses testified about life challenges appellant had struggled to overcome.

Revocation counsel Jason Foster also testified, and his affidavit was admitted into evidence. He said that he spoke with appellant's fiancée on several occasions and recalled telling her that he did not think her testimony would be beneficial at the revocation hearing. He did not recall speaking with appellant's mother or any of his other relatives but did not believe that any of the witnesses' testimony would have advanced his strategy.

The revocation proceeding at issue here was precipitated by appellant failing a urinalysis test. He was taken into custody for transfer to the relapse program for SAFP. As he awaited admission, the trial court released him to attend his grandmother's funeral. But appellant failed to return at the designated time. Instead, he absconded and was subsequently arrested.

Foster said that appellant's relatives' affection for him was not the pertinent issue at the revocation hearing. Rather, the issue was why appellant absconded that day. He believed that hearing from appellant's family about how appellant "messed up" and how sorry they were would likely annoy the judge because the court needed to hear about appellant's remorse, not his family's.

Foster advised appellant that he needed to be open and honest with the judge about his state of mind that day. Appellant assured him that he understood. But appellant did not testify well and had a "bad attitude." Consequently, Foster believed he needed to "shut it down."

Foster also had specific concerns about calling appellant's fiancée to testify because she helped appellant abscond and was with him when he "committed a new crime in Rockwall." Therefore, Foster was concerned about her potential impeachment.

Because the trial judge overruled appellant's motion for new trial and did not make express findings, we presume she viewed the trial strategy employed by revocation counsel as having been within the wide latitude of choices available to a competent attorney in a criminal case. *See Zarate v. State*, 551 S.W.3d 261, 272–73 (Tex. App.—San Antonio 2018, pet. ref'd) (in the absence of express findings we presume trial court made all findings in prevailing party's favor). We agree with that determination. Although witnesses were available to testify on appellant's behalf, there is nothing to suggest the testimony would have benefitted appellant. Under these circumstances, we cannot conclude that counsel's strategic decision to not open the door to potentially adverse and irrelevant evidence is objectively unreasonable or "so outrageous that no competent attorney" would have employed that strategy. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Because appellant has not met his burden to satisfy the first prong of *Strickland*, we need not consider *Strickland's* prejudice prong. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); TEX. R. APP. P. 47.1.; *see also Strickland*, 466 U.S. at 687–688.

We overrule appellant's ineffective assistance issue and affirm the trial court's judgment.

/Dennise Garcia/

DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191282F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

MARQUIS K JONES, Appellant

No. 05-19-01282-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-54782-T.
Opinion delivered by Justice Garcia. Justices Pedersen, III and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 20, 2021