**Modified and Affirmed and Opinion Filed July 11, 2023**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

### No. 05-22-00808-CR

**FLAVIO RENTERIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1353428-M**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Reichek

Flavio Renteria appeals his conviction for the offense of possession of a firearm by a felon. Bringing five issues, appellant contends (1) his right to maintain his innocence was overcome by his counsel, (2) he was denied effective assistance of counsel, (3) his plea of true was not entered intelligently and voluntarily, (4) the bill of costs erroneously includes a fine, and (5) the judgment does not accurately reflect the conditions of community supervision he was found to have violated. We agree the fine should be struck and the judgment modified to reflect the correct findings. In all other respects, we affirm the trial court's judgment.

## Background

In July 2014, appellant was indicted for unlawful possession of a firearm by a felon. Appellant pleaded guilty pursuant to a plea bargain agreement and was placed on deferred adjudication probation.

In 2016, the State filed two motions seeking to proceed with an adjudication of guilt based on multiple alleged violations by appellant of the terms of his probation. The first motion was withdrawn by the State, and appellant was continued on probation with modified conditions. The second motion resulted in a trial court order extending appellant's probation.

On November 7, 2018, the State filed a third motion to revoke appellant's probation and proceed with an adjudication of guilt. The State alleged appellant had violated seven terms of his probation. A warrant was issued for his arrest, and appellant was taken into custody on April 29, 2022.

At trial, the State abandoned all but three of its allegations of probation violations: (1) failure to report to the community supervision office; (2) failure to participate in substance counseling; and (3) failure to participate in the Smart Start IN-HOM Program. Appellant stated he understood the allegations and, after acknowledging he had the right to plead "not true" and require the State to prove its case, he pleaded "true" to all three. Appellant further stated he understood there was no plea bargain agreement and the judge could sentence him to up to ten years in prison. Finally, appellant stated he was satisfied with his representation, his plea

–2–

was made freely and voluntarily, and the only reason he was pleading true was because the allegations were true.

Defense counsel then called appellant to testify. Appellant described his background and living situation. He explained that he had four children and the only reason he possessed a gun was to protect his family. When questioned why he failed to report to the community supervision office for four years, appellant responded that he had been struggling with paying rent and moving his family around. Appellant acknowledged he knew it was important to stay in contact with the probation department and stated he had "made a big mistake." Appellant also acknowledged this was not the first time he had been brought before the court for failing to comply with the terms of his probation. Based on the evidence presented, the trial court found the State's allegations true and sentenced appellant to ten years in prison.

Appellant filed a motion for new trial asserting he had received ineffective assistance of counsel. In an affidavit attached to the motion, appellant stated the first time he met with his counsel, Mark Rosteet, was on the day of his revocation hearing. According to appellant, Rosteet did not explain the consequences of entering an open plea, did not discuss any option with him other than entering an open plea, and did not advise him that he could be assessed the maximum sentence of ten years in prison. Appellant stated that, if Rosteet had told him he could be sentenced to ten years in prison, he would not have entered an open plea of "true."

At the hearing on appellant's motion, Rosteet admitted he did not meet with appellant until the day of the revocation hearing. Before that, however, Rosteet made multiple attempts to negotiate a plea bargain agreement with the State on appellant's behalf. Because his attempts to obtain an agreement were unsuccessful, Rosteet felt appellant's best chance for receiving a light sentence was to plead true to the allegations and ask for the mercy of the court. Rosteet believed the State would have little trouble proving its chief allegation against appellant since appellant acknowledged he had not reported to the community supervision office for several years.

Rosteet testified his meeting with appellant lasted for over an hour. During that time, Rosteet informed appellant his punishment would be determined by the judge because the State was not willing to enter into a plea agreement. Rosteet further told appellant that he did not have to plead "true" and explained both the range of punishment and the possibility that appellant could receive the maximum sentence. Rosteet stated he believed appellant understood what he was told and he denied coercing appellant's plea in any manner.

During closing argument, the defense argued that Rosteet's representation of appellant was ineffective under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel asserted that Rosteet's failure to meet with appellant until the day of the hearing, and his informing appellant that he "had to go to the judge," rendered appellant's plea of "true" involuntary. The State responded that

–4–

appellant had failed to meet the *Strickland* test because appellant was given all the necessary information before entering his plea and there was no showing the outcome of the case would have been different if appellant had pleaded "not true."

The trial court denied appellant's motion for new trial. In its findings of fact and conclusions of law, the court found appellant was informed of the consequences of his plea by both his attorney and the court. The court additionally held appellant failed to show that, but for Rosteet's representation, there was a reasonable probability the outcome of the proceeding would have been different. The court noted that appellant failed to report to his probation officer for over four years and this was the third revocation motion filed against him.

## Analysis

### I. *McCoy v. Louisiana*

In his first issue, appellant contends his counsel did not give him a "real choice" other than to plead true to the State's allegations. Because of this, appellant argues he was deprived of his right to maintain his innocence in violation of *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018). The State responds that appellant waived any *McCoy* issue by failing to raise it prior to appeal.

In *Turner v. State*, the Texas Court of Criminal Appeals held that "a defendant cannot simply remain silent before and during trial and raise a *McCoy* complaint for the first time after trial." *Turner v. State*, 570 S.W.3d 250, 276 (Tex. Crim. App. 2018). Although the defendant need not object with the precision of an attorney, he

must sufficiently express his desire to maintain his innocence to preserve the issue for review. *Id.* In *Harrison v. State*, the Houston 14th Court of Appeals concluded that, when an attorney withholds information relevant to whether the defendant would want to maintain his innocence, the defendant preserves a *McCoy* complaint if he objects as soon as the withheld information becomes known. *Harrison v. State*, 595 S.W.3d 879, 885 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). Appellant relies on *Harrison* to contend his *McCoy* issue was preserved because he "did not know that he could be sentenced to the maximum sentence until it actually happened, and he raised his objection at the first available opportunity which was in his motion for new trial."[1] Appellant's argument is not supported by the record.

Appellant's trial counsel, Rosteet, testified he advised appellant before the revocation hearing of the consequences of pleading "true" and warned him that he could be given the maximum ten year sentence. The trial court found Rosteet's testimony credible, and we defer to the trial court's resolution of historical facts. *See Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002) (en banc). Furthermore, the record shows that, before accepting appellant's plea, the trial court informed appellant he had the right to plead "not true" and admonished him that he could be sentenced to ten years in prison. Rather than objecting or requesting to withdraw his

---

[1] The State argues appellant's motion for new trial did not assert a *McCoy* complaint. We assume without deciding the motion sufficiently raised the issue.

plea, appellant stated he understood and acknowledged the only reason he was pleading true was because the allegations were true. Because appellant did not express a desire to maintain his innocence as soon as he was provided with all the information relevant to his plea, we conclude he failed to preserve a *McCoy* issue for our review. See *Turner*, 570 S.W.3d at 276; *Harrison*, 595 S.W.3d at 885. We resolve appellant's first issue against him.

## II. Ineffective Assistance

In his second issue, appellant contends he received ineffective assistance of counsel. Appellant argues Rosteet's failure to meet with him until the day of the revocation hearing, and "misinforming" him that he "had to go to the judge," fell below an objective standard of reasonableness. To succeed in showing ineffective assistance of counsel, an appellant must demonstrate both that his counsel's representation fell below an objective standard of reasonableness and that the alleged deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant bears the burden of proving his counsel was ineffective by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and was motivated by legitimate trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

In his affidavit, appellant testified Rosteet told him his punishment "would be up to the judge." This is an objectively true statement. To the extent appellant appears to argue this statement led him to believe he had to plead "true," both Rosteet and the trial court informed appellant he had the right to plead "not true" and he could require the State to prove its case. Rosteet simply advised appellant that, based on the strength of the State's case, the better strategy was to plead "true" and ask for the court's mercy. Nothing in the record suggests appellant was coerced into following this advice. Nor does appellant argue the advice was so outrageous that no competent attorney would have offered it. *See Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010); *Jones v. State*, No. 05-19-01282-CR, 2021 WL 194107, at *3 (Tex. App.—Dallas Jan. 20, 2021, no pet) (mem. op., not designated for publication) (advising defendant to plead guilty in hope of leniency not ineffective assistance).

Although Rosteet should have met with appellant earlier,[2] there is no showing his failure to do so prejudiced appellant. "[T]he correct measure of prejudice for an attorney's deficient performance that might have caused a defendant to waive a judicial proceeding is whether there is a reasonable likelihood that the defendant would have opted for the proceeding if his attorney had performed adequately." *Miller v. State*, 548 S.W.3d 497, 502 (Tex. Crim. App. 2018). Before meeting with

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(1) (appointed attorney shall "make every reasonable effort to contact the defendant not later than the end of the first working day after the date on which the attorney is appointed and to interview the defendant as soon as practicable after the attorney is appointed").

appellant, Rosteet made multiple attempts to negotiate a plea bargain agreement on his behalf. During their meeting, Rosteet informed appellant that the State was not willing to enter into a plea agreement, and explained the available options, the range of sentencing, and the strength of the State's case. Appellant conceded at the hearing that he had "made a big mistake" by not reporting to the probation office for four years and asked for leniency. Based on the record before us, we cannot say there is a reasonable likelihood appellant would have pleaded "not true" if he had met with Rosteet earlier. We resolve appellant's second issue against him.

### III. Due Process

In his third issue, appellant contends his constitutional right to due process was violated because his plea was not made intelligently and voluntarily. A guilty plea must be entered knowingly, intelligently, and voluntarily to be consistent with due process. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Appellant argues again that he did not fully understand the consequences of his plea because he did not know at the time he entered the plea that he could be sentenced to ten years in prison. We determine the voluntariness of a guilty plea from the totality of the circumstances viewed in light of the entire record. *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.). A defendant's sworn representation that his plea is voluntary constitutes a "formidable barrier" in any subsequent proceeding. *Kniatt*, 206 S.W.3d. at 664.

Appellant's argument that his plea was not made intelligently and voluntarily depends largely upon the credibility of his account of what occurred in his meeting with Rosteet. As discussed above, the trial court, as fact finder, determined that Rosteet's testimony concerning what he told appellant in their meeting was credible, and we defer to that finding. *See Manzi*, 88 S.W.3d at 244.

Rosteet stated that, before appellant entered his plea, he told appellant the trial court could sentence him to up to ten years in prison. Rosteet's testimony is supported by the fact that, during the hearing, appellant stated he understood if he pleaded true to the State's allegations he could be sentenced to ten years in prison. Although appellant may have hoped his willingness to plead "true" and take responsibility for his actions would result in a lesser sentence, his decision to follow an unsuccessful strategy does not render his plea unknowing, unintelligent, or involuntary. *See Graves v. State*, 803 S.W.2d 342, 345 (Tex. App.—Houston [14th Dist.] 1990, pet ref'd). We resolve appellant's third issue against him.

## IV. Fine

In his fourth issue, appellant contends the bill of costs in this case erroneously reflects a fine that was neither orally pronounced by the trial court during sentencing nor included in the judgment. The State agrees, as do we, that the fine was assessed in error. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). We are authorized to order a modification of a bill of costs independent of finding an error in the trial court's judgment. *Rodgers v. State*, 05-20-00211-CR, 2022 WL 1076067,

–10–

at *5 (Tex. App.—Dallas April 11, 2022, no pet.) (mem. op., not designated for publication). Concluding the fine should be struck, we sustain appellant's fourth issue.

## V. Modification of Judgment

In his final issue, appellant contends the trial court's judgment does not accurately state the conditions of probation he was found to have violated. The judgment states appellant violated conditions "D, V, & 3" of his community supervision. In contrast, the record shows the trial court found appellant violated conditions D, U, and Z. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Accordingly we modify the judgment to delete conditions "V" and "3" and replace them with conditions "U" and "Z."

## VI. Conclusion

Based on the foregoing, we modify the bill of costs to remove the $2,000 fine. We also modify the trial court's judgment to delete conditions "V" and "3" and replace them with conditions "U" and "Z."  In all other respects, the trial court's judgment is affirmed.

/Amanda L. Reichek//
AMANDA L. REICHEK
JUSTICE

220808f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FLAVIO RENTERIA, Appellant

No. 05-22-00808-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1353428-M. Opinion delivered by Justice Reichek. Justices Partida-Kipness and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** conditions "V" and "3" and **REPLACE** them with conditions "U" and "Z."

As **REFORMED**, the judgment is **AFFIRMED**.

We also **MODIFY** the bill of costs to **DELETE** the $2,000 fine.

Judgment entered this 11th day of July, 2023.